BROWN v. WALKER et al., Appellants.

1. **Back Taxes**: STATUTE: JURISDICTION: JUDGMENT. In an action to collect back taxes, under the act of 1877, the circuit court does not exercise its jurisdiction in a special or summary manner, and its judgments therein are entitled to the same presumptions as attend its ordinary judgments.

2. ———: ———: ———: ———. In such a suit a single judgment against several distinct lots is erroneous; but the objection does not go to the jurisdiction.

3. ———: EJECTMENT: JUDGMENT. In an ejectment suit, the fact that in a back tax suit, a single judgment was rendered against distinct lots, cannot be shown by parol for the purpose of impeaching such judgment.

4. ———: IRREGULARITIES: SHERIFF'S DEED. Mere irregularities in the suit, which led to a sale under execution, do not invalidate the sheriff's deed.

5. ———: IMPERFECT DESCRIPTION: EVIDENCE. An imperfect description of land contained in the tax bill, judgment, execution and sheriff's deed, may, if the ambiguity is latent and susceptible of oral explanation, be made certain by extrinsic evidence; and it is sufficient if the description is such that the land can be located by one acquainted with the plats and surveys.

6. **Ejectment**: PURCHASER AT TAX SALE: DEFENCE. In an action of ejectment by a purchaser at a tax sale, the fact that the sheriff sold two lots together cannot be set up as a defence.

7. ———: JUDGMENT: LANDLORD AND TENANT. A judgment in ejectment is properly rendered against both the landlord and tenant in possession.*

*Appeal from St. Louis Court of Appeals.*

AFFIRMED.

*Broadhead & Haeussler*, and *C. V. Scott* for appellants.

*D. W. Sadler* for respondent.

_____

* These syllabi are taken from 11 Mo. App. 226.

RAY, J.—This was an action of ejectment, in the usual form, and the answer a general denial. At the trial, in the circuit court, the plaintiff had judgment, from which the defendants appealed to the St. Louis court of appeals, where the judgment of the circuit court was affirmed, and from which the defendant again appealed to this court. The case is reported in 11 Missouri Appeal Reports, page 226. The opinion of that court, upon examination, is believed to be well supported by the authorities cited. It is in harmony with prior rulings of this court, as well as more recent decisions, to the same effect: (*Wellshear v. Kelley*, 69 Mo. 343, and *Gray v. Bowles*, 74 Mo. 419), where substantially the same point is ruled, as is involved in the case at bar. We find nothing in the briefs of counsel in this court calling for a different result, and the judgment of the court of appeals is, therefore, affirmed. All concur.