Jones v. Driskill.

## JONES v. DRISKILL et al., Appellants.

1. **Suit for Back Taxes** : JURISDICTION OF CIRCUIT COURT : JUDGMENT : COLLATERAL ATTACK : ACT OF 1877. A judgment of the circuit court in a back-tax suit, under the act of 1877 (Laws, p. 384), is the judgment of a court of general jurisdiction, proceeding according to the course of the common law, and possessing a jurisdiction in such cases apart from, and independent of, the act, and it cannot be attacked collaterally upon the ground that the assessor's book had not been verified and that taxes for certain years included in the judgment had been paid before the institution of the suit.

2. ———: ———: DEFENCES. These defences could be set up and pleaded to the cause of action stated in the petition in the back-tax suit, but cannot be urged in a collateral attack upon the judgment rendered in that action.

3. —— : —— : JUDGMENT. Although a judgment in a back-tax suit is not against each tract separately for the amount found to be due on each, and is, for that reason, erroneous and subject to correction on error or appeal, it is not void ; and where it is rendered by a court having jurisdiction of the person and subject-matter, the title of a purchaser of property bought at execution sale under such judgment is not affected by such error.

4. —— : SHERIFF'S DEED : CLERICAL MISTAKE : EVIDENCE. A misrecital in a sheriff's deed, in a back-tax suit, as to the date of the judgment, is cured by a proper recital of the date of the execution, and the deed is not for that reason inadmissible in evidence.

5. Practice : JUDGMENT : SERVICE : PROCEEDINGS FOR REVIEW. Where constructive service is authorized by law, a judgment rendered upon it is as valid as when rendered upon actual service ; no distinction is to be recognized except such as is made by statute. Under the statute, a defendant, in an action in which he has been served by publication of notice, and in which an interlocutory judgment has been made final, may, within three years, appear, and, upon terms, have the same reviewed, and, for good cause, set aside. (R. S., sec. 3684).

6. Tax Title : REVIEW OF JUDGMENT. Purchasers of property, for a valuable consideration, at a sale under a valid and subsisting judgment in a back-tax suit, and those claiming under them, who were not made parties to a proceeding for review of such judgment, subsequently instituted, will not be affected thereby. (R. S. sec. 3691).

*Appeal from Cedar Circuit Court.*—Hon. C. G. Burton, Judge.

Affirmed.

*Thomas Shackelford* and *Draffen & Williams* for appellants.

(1) The judgment rendered in the tax proceeding was void. The sale thereunder conveyed no title. (*a*) The assessor's book for 1869 was not verified. This was essential. Unless verified, as required by law, it was altogether invalid, "and all subsequent proceedings based thereon equally worthless." *State ex rel. v. Cook*, 82 Mo. 185 ; *State ex rel. v. Schooley*, 84 Mo. 447. (*b*) This was jurisdictional. *Howard v. Heck*, 88 Mo. 457 ; *Pike v. Martindale*, 91 Mo. 268. (*c*) The fact that the

judgment was in the circuit instead of the county court can make no difference. Judgments in the county court, in such cases, stand upon the same footing as judgments in the circuit court. *Raley v. Guinn*, 76 Mo. 263. The county court was powerless to act, unless there was a valid assessment, if its jurisdiction was dependent upon the existence of a tax; so is the circuit court under the present law. R. S., sec. 6832. (*d*) The taxes for 1871 and 1875 were paid prior to the suit and it is not contemplated that in such case the title of the owner shall be divested by the tax sale. R. S., sec. 6791; *Poindexter v. Greenow*, 20 C. L. J. 417. (2) The judgment does not comply with the statute. It appears upon the face of the record that there were two separate tracts, and that the taxes were assessed upon each separately; yet the judgment was not rendered against each tract for its own taxes, but was against the whole land for the entire tax and costs. R. S., sec. 6838; *Guffey v. O'Reiley*, 88 Mo. 418; Burroughs on Taxation, 284. "Each parcel is chargeable with its own taxes, and is to be redeemed by paying them; but such joint sale charges it with the tax upon the other, also, and is like issuing one execution upon several judgments and selling jointly the lands which are charged with separate liens." Cooley on Taxation, 342; *Fitzgerald v. Thomas*, 61 Mo. 499. (3) The sheriff's deed does not recite the date of the judgment. (4) Upon a petition for review filed by defendant, Holland, the judgment in the tax suit was vacated and set aside. The title of Stratton failed, with the judgment upon which it was based. He was not an innocent purchaser, within the meaning of the law. *Murphy v. Smith*, 86 Mo. 333; *Durfee v. Moran*, 57 Mo. 374; *Christian v. Newberry*, 61 Mo. 446. The defendant had paid all legal taxes against his land. The judgment was wrongful and a fraud upon him.

*R. F. Buller* for respondent.

(1) The circuit court had jurisdiction, both of the

parties and the subject-matter of the tax suit. Acts 1877, p. 386, sec. 5. In a suit to collect back taxes under that act the circuit court does not exercise its jurisdiction in a summary manner, and its judgments therein are consequently entitled to the same presumptions, weight, and force as in any other cases. *Brown v. Walker*, 85 Mo. 262. The suit was founded upon a tax bill which was *prima-facie* evidence of the existence and validity of the tax. Sess. Acts 1877, sec. 6. And any defect in the assessor's books rendering the tax either void or voidable was matter of defence, which should have been made in the original suit. *Wellshear v. Kelley*, 69 Mo. 343. The fact that the judgment in the tax suit was rendered upon constructive notice makes no difference. "The order of publication is a substitute for the service of a writ of summons, and it is assumed by the law that it will give the defendant notice of the pending of the suit." *Goldsworthy v. Johnson*, 87 Mo. 235 ; *Payne v. Lott*, 90 Mo. 676. The cases of *State v. Cook*, 82 Mo. 185, and *State. ex rel. v. Schooley*, 84 Mo. 447, were suits to collect the back taxes and the defective affidavits were set up as a defence, which was very properly sustained, but they are very far from holding that if no defence had been made the same matter could have been set up collaterally to defeat the judgment. And the cases of *Raley v. Guinn*, 76 Mo. 263, and *Howard v. Heck*, 88 Mo. 457, were under the old revenue law of 1872 and are expressly predicated upon the theory that the county court was a court of limited jurisdiction and proceeding in a summary manner. (2) There is a separate finding as to the amount due on each tract, and we insist that this amounts to the same thing as a separate judgment as to each, and is right. But even if not, it would be merely erroneous ; it does not go to the jurisdiction and would not impair the judgment in a collateral proceeding. *Brown v. Walker*,

*supra;* s. c., 11 Mo. App. 226; *Gray v. Bowles,* 74 Mo. 419; *Hardin v. Lee,* 52 Mo. 241; *Ellis v. Jones,* 51 Mo. 180; *Freeman v. Thompson,* 53 Mo. 183; *Paine v. Morland,* 15 Ohio, 435. (3) The statute provides that where the property has been sold to an innocent purchaser, his title shall not be affected by setting aside the judgment on review. R. S., sec. 3691. (4) The tax of 1869 was unpaid, and section 6858 provides that if a deed would be valid as to any one tax, it shall not be impaired for any irregularity, error, or defect in the proceedings or sale for any other tax or taxes. R. S., sec. 6858. (5) The purchaser is not required to look behind the judgment. *Wellshear v. Kelley,* 69 Mo. 354. The judgment was conclusive as to the validity of the tax. *Freeman v. Thompson, supra,* and cases cited. (6) Mere inadequacy of price will not invalidate a judicial sale in this state, even in a direct proceeding to set it aside, much less in an action of ejectment. *Parker v. Railroad,* 44 Mo. 415. And still less in case of a sale for taxes. (7) The argument of hardship might be addressed to the legislature, but is not applicable to a court.

BRACE, J.—This is an action of ejectment in the usual form, to recover possession of the northeast quarter of the southeast quarter of section twenty-nine, and the northwest quarter of the southwest quarter of section twenty-eight, in township thirty-five, range twenty-seven, in Cedar county, Missouri, instituted against defendant, Driskill, who was in possession of the premises as tenant of defendant, Isaac W. Holland, who appeared, and, on motion, was made a party defendant to the suit. The plaintiff had judgment in the circuit court, from which defendants appeal.

Plaintiff claims title under a sheriff's deed to one D. P. Stratton, who purchased said real estate at execution sale on a judgment rendered by the circuit court

of said county against defendant, Holland, in a back-tax suit, and by *mesne* conveyances from said Stratton to himself.

The defendants contend that plaintiff failed to acquire defendant Holland's title to said real estate by virtue of said conveyances, because, first, the judgment rendered in said tax proceeding is void; second, the sheriff's deed fails to properly recite the judgment; and third, the judgment upon review was set aside before plaintiff purchased and received a conveyance of said real estate. The particular objections urged to the validity of the judgment are, that the suit in which it was rendered was for delinquent taxes for the years 1869, 1871, and 1875, and that the assessor's book for 1869 was not verified, as required by law, and that the taxes for 1871 and 1875 had been paid before the suit was instituted, and that the suit was for taxes assessed upon two distinct tracts of land, and the judgment was *in solido* for the gross amount found due on both tracts. These objections to the validity of the judgment may be considered together, for unless they go to the jurisdiction of the court, in which the judgment was rendered, they can avail the defendants nothing.

The authorities cited by counsel for appellant to sustain these objections, and the proposition that the facts stated may be shown in impeachment of, and are sufficient to avoid, the judgment in question in this case, are cases in which the judgments being considered were rendered by courts of limited jurisdiction proceeding in a summary manner under revenue laws in force prior to the act of 1877, *i. e.*, county courts, specially charged with many duties relating to the assessment, levy, and collection of the revenues of the state. This judgment is to be distinguished from those, in that it is the judgment of the circuit court of the county in which the land is situate, in an action commenced in said court, under the act of 1877, by the state

at the relation of the collector of said county against the said defendant, who, being a non-resident, was duly served with notice thereof by order of said court duly published as required by law ; in that, it is the judgment of a court of general jurisdiction, proceeding according to the course of the common law, in an ordinary suit brought by the state to enforce its lien against real estate, for taxes, of which the defendant, Holland, was the owner, in which said court had jurisdiction alike of the subject-matter of the action, and of the person of said defendant, by virtue of said order of publication. Its jurisdiction did not depend on assessment of said defendant's property in the manner prescribed by law, the levy of a tax thereon, or on the fact that such tax remained due and unpaid. It was the tribunal created by the constitution and the laws of the land in which was vested general original jurisdiction within the boundaries of the county in which the land was situate, to hear and determine any issue of law or fact that might arise between the officials of the state, charged with the duty of collecting the revenue, on the one side, and any owner of real estate subject to taxation, upon which the taxes were charged to have become delinquent, on the other. Its jurisdiction did not depend on the revenue act, nor was its exercise confined within the narrow straits prescribed for a court of limited jurisdiction, specially charged with the duty of enforcing that act in the manner therein prescribed, as was that of the county courts under previous statutes.

Its general jurisdiction existed apart from, and independent of, that act for this, as it did for all other civil actions; to be called into active exercise, as provided by said act in cases like the one in question, by the filing of a petition in the name of the state at the relation of the collector, setting forth the state's cause of action, in which petition "all lands owned by the same

person or persons may be included, and in one count thereof, for the taxes for all such years as taxes may be due thereon, and said petition shall show the different years for which taxes are due as well as the several kinds of taxes or funds to which they are due, with the respective amounts due to each fund ; all of which shall be set forth in a tax bill of said back taxes, duly authenticated by the certificate of the collector, and filed with the petition, and said tax bill or bills so certified shall be *prima-facie* evidence that the amount claimed in said suit is just and correct; and all notices and process in suits under this chapter shall be sued out and served in the same manner as in civil actions in circuit courts ; and in case of suits against non-resident, unknown parties, or other owners, on whom service cannot be had by ordinary summons, the proceedings shall be the same as now provided by law in civil actions affecting real or personal property. In all suits under this chapter, the general laws of the state, as to practice and proceedings in civil cases, shall apply, so far as applicable, and not contrary to this chapter." R. S. 1879; sec. 6837 ; Laws 1877, p. 386, sec. 6.

The judgment, if against the defendant, shall describe the land upon which taxes are found to be due ; shall state the amount of taxes and interest found to be due on each tract or lot, and the year or years for which the same are due, up to the rendition thereof, and shall decree that the lien of the state be enforced, and that the real estate, or so much thereof as may be necessary to satisfy such judgment, interest, and costs, be sold, and a special *fieri facias* shall be issued thereon, which shall be executed as in other cases of special judgment and execution, and said judgment shall be a first lien upon said land. R. S. 1879, sec. 6838 ; Laws 1877, p. 386, sec. 7.

The jurisdiction of the circuit court of Cedar county, upon the filing of the petition and the back-tax bill,

followed by order and proof of publication of notice
thereof to the defendant, Holland, became absolute and
complete alike over the subject-matter of the action and
of the person of said defendant to determine all matters
in controversy in the issue tendered by the petition.
The matter to be inquired into was, whether the amount
of money claimed to be due and unpaid, as taxes upon
the real estate described in the petition and tax bill, for
the years therein mentioned, was in fact so due and un-
paid. The determination of this issue involved the con-
sideration and determination of the question whether
the tax claimed had been legally levied upon an assess-
ment made in conformity to law, as well as whether the
same remained due and unpaid and chargeable upon the
lands described. These were the issues tendered by the
state in its petition. The law made the back-tax bill
*prima-facie* evidence of the truth of its affirmation.
The defendant had his day in court to deny and disprove
this *prima-facie* case by showing either that the tax
charged was not a valid and subsisting tax, by reason of
the fact that the property had not been legally assessed,
the tax thereon had not been legally levied, or that,
having been so assessed and levied, the tax had been
paid before the institution of the suit. In such proceed-
ing, the defendant would have had the right to show
that the tax for the year 1869 was not a legal charge
upon said real estate, for the reason that there was no
legal evidence that it had been assessed for such taxes,
in that the assessor's book, the only legal evidence
thereof, was not verified as required by law, and to
show that the taxes for 1871 and 1875 had been paid
before the institution of the suit, and, therefore, could
not be charged upon said real estate.

These were matters of defence to be set up and
pleaded to the cause of action set out in plaintiff's
petition in the back-tax suit, and not having been so set
up and pleaded the defendant cannot now be heard to

urge them in a collateral attack upon the judgment rendered in that action. As to all such matters the judgment is final and conclusive upon the defendant in any collateral proceeding, as much so as if such judgment had been rendered upon the same issuable facts in a case between private individuals. *Wellshear v. Kelley*, 69 Mo. 343; *Brown v. Walker*, 11 Mo. App. 226; s. o., 85 Mo. 262; *Allen v. McCabe*, 93 Mo. 138.

The remaining objection to the validity of the judgment, that the same was not against each tract separately for the amount found to be due on such tract, is answered by the cases of *Gray v. Bowles*, 74 Mo. 419, and *Brown v. Walker*, *supra;* although the judgment for that reason may be erroneous and subject to correction on error or appeal, it is not void, and having been rendered by a court having jurisdiction of the person and subject-matter, the title of a purchaser of property bought at execution sale under such judgment is not affected by such error.

The judgment in the back-tax suit was rendered on the twenty-third day of September, 1878; special execution issued thereon on the twenty-fifth day of January, 1879, in which the date of the judgment was properly recited. The sale was made on the twenty-fifth day of March, 1879. The sheriff's deed of that date properly recited the execution, its date, etc., but recited the judgment as having been rendered on the twenty-third day of September, 1879. The execution showed satisfactorily the connection between the judgment and the deed, and that the misrecital of the date of the judgment in the deed was, upon the face of the papers, a mere clerical mistake, and the objection of the appellants to the introduction of the deed on that account was properly overruled.

No distinction can be made between the force and effect of a judgment rendered upon actual and constructive service, in cases where constructive service is

authorized by law, except such as is made by statute. If the court rendering the judgment has jurisdiction of the subject-matter of the action, and acquires jurisdiction of the person of the defendant by notice published as required by law, its judgment is final and conclusive in the one case as in the other, except that the defendant, in an action in which he has not been summoned, but in which he has been served by publication of notice, and in which an interlocutory judgment has been made final, may, within three years after the rendition of such final judgment, appear, and, upon terms, have the same reviewed, and, for good cause, set aside. R. S. 1879, secs. 3684, 3690. It is to be noted that in section 3684 the word, "not," has been omitted, as it was in the revision of 1865. The correct reading is to be found in the revision of 1855, which see, as also *Hyatt v. Wolfe*, 22 Mo. App. 191. In this case the defendant offered to show that, within three years after the rendition of the judgment in the back-tax suit, upon his petition, said judgment was reviewed; the taxes for 1871 and 1875 found to have been paid, and those for 1869 unpaid, and judgment was thereupon rendered for the taxes of 1869, interest, and cost, which he thereupon paid. The court refused to admit this evidence and in this committed no error. Such proceeding could in no way affect the title of the plaintiff, and those under whom he claims, who, before that time, had become the purchaser of the property at a judicial sale, for a valuable consideration, under a valid and subsisting judgment at the time such sale was made, and the deed made in pursuance thereof, and who were not made parties to this proceeding. R. S. 1879, sec. 3691; Freeman on Judgments, sec. 509.

Finding no reversible error in this record the judgment of the circuit court is affirmed. All concur, except Ray, J., absent, and Sherwood, J., who dissents.