Hill v. Sherwood.

HILL v. SHERWOOD *et al.*, *Appellants*.

Tax Deed, Validity of : PAYMENT OF TAXES BEFORE SUIT : COLLAT-
ERAL ATTACK : EJECTMENT. In an action of ejectment against the
former owner, by a purchaser at a tax sale under a judgment
of a circuit court rendered in a suit for back taxes, the
sheriff's deed cannot be defeated by showing that the taxes sued
for had been paid prior to the institution of the suit and the return-
ing of the land as delinquent, the proceedings being otherwise
regular.

*Appeal from Newton Circuit Court.*—HON. M. G.
McGREGOR, Judge.

AFFIRMED.

*Joseph Cravens* for appellants.

" If the tax be paid before the sale, the lien of the
state is discharged, and the right to sell no longer exists.
When the owner has performed all his duties to the gov-
ernment, no court would sanction, under any circum-
stances, the forfeiture of his rights of property." Black.
Tax Titles, 484. " Payment of the tax by the owner, or
by any one entitled to make it, is an absolute defeat and
termination of any statutory power to sell." Cooley on
Tax. 322. A sale by the collector is of no validity if
the taxes were in fact paid. *State ex rel. v. Sargeant*,
12 Mo. App. 228 ; Burroughs on Taxation, 355.

*George Hubbert* for respondent.

The respondent (a stranger to the record, without
knowledge or constructive notice that any ground of
defense existed in behalf of the defendant in the action
for taxes, he having purchased the land under the judg-
ment and execution of a court of general jurisdiction

based upon due service by publication) cannot be denied the protection guaranteed by sound rules of law, based on good faith and public policy, to all purchasers at judicial sales not absolutely void. The authorities cited by appellants apply only to statutory proceedings, and not to judgments of courts of general jurisdiction.

BRACE, J.—This is an action of ejectment to recover possession of a certain tract of land in Newton county. The case was tried by the court without a jury on an agreed statement of facts. The single question presented on the record is, whether a sheriff's deed in regular form to a purchaser at a tax sale, under an execution on a judgment rendered in an action in the circuit court on a back-tax bill in favor of the state at the relation of the collector, for the taxes of the year 1877, properly levied and assessed, extended and returned delinquent, against a non-resident land-owner properly served by publication of notice, in an action of ejectment by such purchaser against such former land-owner, can be defeated by showing that the taxes on the land for that year had been paid by the owner before the land was returned delinquent and before the suit was instituted on the back-tax bill, and that there were no taxes actually due and owing on said land at the time it was returned delinquent and the action instituted. This question must be answered in the negative on the authority of the following cases: *Jones v. Driskill*, 94 Mo. 190; *Allen v. McCabe*, 93 Mo. 138; *Brown v. Walker*, 85 Mo. 262; *Wellshear v. Kelley*, 69 Mo. 343. And as it was so answered by the circuit court, the judgment is affirmed. All concur except RAY, J., absent, and SHERWOOD, J., who dissents.