## W. H. McGREGOR v. JAMES MORROW et al.

1. STATUTE—Tax Liens—Foreclosure. Chapter 39, Laws of 1877, created and conferred no special and limited jurisdiction upon district courts; it simply provided an additional remedy to collect taxes and foreclose tax liens against real property. (English v. Woodman, ante, p. 412.)

2. JUDGMENT—Presumption. The presumptions following ordinary judgments of courts of general jurisdiction follow the judgments rendered in such tax proceedings.

### Error from Wyandotte District Court.

ACTION to quiet title. Judgment for defendants, at the May term, 1887. The plaintiff, McGregor, brings the case here. The opinion states the facts.

Nathan Cree, for plaintiff in error.

Hutchings & Keplinger, for defendants in error.

Opinion by HOLT, C.: The plaintiff in error, being in possession of lots 1 and 2, in block 103, in that part of the consolidated City of Kansas formerly known as Wyandotte, filed his petition in the Wyandotte district court to quiet title. The defendants denied, and alleged title in themselves. The case was tried on an agreed statement of facts, which is so voluminous that we will not embody it in full in this opinion. It is agreed, substantially, that the plaintiff would be the owner and entitled to the possession of the lots through regular conveyances if his title had not been divested by tax-sale proceedings; that both plaintiff and defendants purchased their titles since the tax deeds were made and recorded; that the tax proceedings were under the provisions of chapter 39, Laws 1877; that the plaintiff admits as a fact that prior to the filing of the petition in said tax proceedings, the land had been sold and bid in by the county of Wyandotte at a delinquent tax sale for the taxes levied subsequent to the year 1866, and that at the time of the filing of the petition it had remained unredeemed and the certificate of sale untransferred for three years. He claims, however, that because the petition and the record of the judgment in the tax-sale proceedings are so meager and defective, these facts could not be shown in this action, and the findings of fact themselves become incompetent, irrelevant and immaterial when compared with the petition and judgment in the former action, set forth in the agreed statement. The petition in the tax-sale proceedings contains an averment concerning the tax sale:

"That said described real estate was sold at delinquent tax sale in said county on the —— day of ——, A. D. 187—, for the delinquent taxes for the year A. D. 187—. And the same has ever since remained and still does remain unredeemed, and the certificate of sale untransferred."

An exhibit attached thereto shows the levies of 1871, 1872, and 1873, which are all called subsequent taxes. In the judgment under this petition the court finds "that there is legally assessed the taxes set opposite the land described, and

that they are due and unpaid." The execution under this judgment directed the sheriff to have the property "appraised and sold according to law, in satisfaction of said judgment and each of them." The sheriff sold the lots; the sale was confirmed, and deed executed. The plaintiff objects to the jurisdiction of the court in that case, to the validity of the judgment, the validity of the execution, and the validity of the deed. The principal objection, and the only one we shall notice specifically, is as to the jurisdiction of the court. The plaintiff contends that the petition and judgment in the tax proceedings were not sufficient to vest the title in the purchaser at sheriff's sale upon an execution issued from the district court. In an action very like this, recently decided in this court, (*English v. Woodman*, ante, p. 412,) it is there held that said chapter 39 did not create and confer any special and limited jurisdiction upon the district court, but simply gave to the county an additional remedy therein to collect its taxes and foreclose its tax liens against certain real property under certain conditions. It is there held that, the district court having general jurisdiction over the subject-matter, all the presumptions which follow ordinary judgments should apply to judgments of this character, and that they can only be attacked directly by proceedings in error, and not collaterally, as is sought in this action. Following that decision, this judgment cannot be attacked unless it is void; if it was simply irregular, erroneous and voidable, and the court had jurisdiction, it must be held valid in this action. This virtually disposes of all the objections raised by plaintiff, except the question of whether the court had jurisdiction in the action under which this land was sold to satisfy the taxes levied thereon.

Nearly every question raised by the parties in this action has been decided in the action of *English v. Woodman*, supra. In § 1 of chapter 39, it is provided:

"That in all cases in which real estate has been or shall be sold and bid in by any city or county at any delinquent tax sale, and shall remain or shall have remained unredeemed

and the certificate of sale untransferred for the period of three years after such sale, it shall be the duty of the attorney of such city or county to file a petition containing a list of such real estate in the office of the clerk of the district court of such county, describing the lands, lots or pieces of ground on which such taxes may be due and unpaid, and the amount and the several levies of taxes thereon, as nearly as practicable, and giving the owner's name, if known. . . ."

The plaintiff claims that the petition filed in the district court must, in addition to the requirements of § 1, set forth by proper averments that the tax had been assessed and levied, and the real estate has been sold and bid in by the city or county, and that the certificate of sale has remained unredeemed and untransferred for more than three years, in order to give the court jurisdiction. We do not believe that the failure to embody these allegations in a petition would leave the court without power to try the action. If the court should find upon trial that the land was not taxable, or no tax levied, or had not been sold, or the certificate has been redeemed or transferred, then either of these facts would be a valid defense, and judgment should be rendered for defendants. If the court had power to determine among the facts above named, whether the tax had been assessed and levied, and the land had been unredeemed and untransferred for three years, then these matters are within its jurisdiction, however it may determine them. If it were otherwise, the action would bind neither the county nor the parties interested in the land. If it is defeated, it could bring another action; if they are defeated, they could disregard the judgment and sale pursuant to it. The statute would then be fairly construed as providing for an action in which nothing would be decided, and which would bind no party to it. The purpose of an action under this chapter was to ascertain whether these facts did or did not exist. If they were found, there should be a judgment for the sale of the land. If the judgment was for the county, it is conclusively presumed that all these facts existed and were established at the trial; it is too late, in another action, to inquire whether these facts actually existed. The notice

prescribed by the statute is for the purpose of notifying all persons to appear and show cause why such lands, lots, pieces and parcels of ground named in the petition should not be sold for the taxes named in the petition; and in the trial of the action the court must pass upon and determine the very questions plaintiff claims must be set forth in the petition to confer jurisdiction. This is unnecessary in a court of general jurisdiction where there is enough in the petition to challenge the attention of the court, and to base a judgment upon. This construction given to said chapter 39 is not a novel one. The principles herein laid down have been recognized heretofore, in this and other states. (*English v. Woodman*, supra; *Pritchard v. Madren*, 31 Kas. 52; *Chauncey v. Wass*, 35 Minn. 1; *McCarter v. Neil*, Ark. 6 S. W. Rep. 731; *Werz v. Werz*, 11 Mo. App. 34; *Harvey v. Tyler*, 2 Wall. 332; *Pulaski v. Stewart*, 28 Gratt. 879; Hawes on Jurisdiction, § 257.) This case falls within the decisions of our own state, as above suggested, and it is in line with authority from other states. We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.