Filed May 23, 1893.

---

No. 16,199.

## McCann v. Jean.

QUIETING TITLE.—*Purchaser at Tax Sale.*—*Purchaser at Sale Decreed for Costs of Suit in Foreclosure.*—*Which the Fee Holder.*—*Lien Holder.* —For some time prior to 1885, and continuously from that time to February 12th, 1891, A. was the owner of certain real estate situate in this State, which was duly listed for taxation in the name of A. The taxes thereon became delinquent, and were duly advertised and offered for sale during the years 1885, 1886, 1887, and remained un-

McCann v. Jean.

sold for want of bidders, which fact was duly certified to the prosecuting attorney. On February 12th, 1889, the lots having been duly advertised for sale by the county treasurer, they were sold to B. for said taxes, who received a certificate of purchase, and on February 12th, 1891, there being no redemption from such sale, B. received a tax deed for said land, which was duly recorded. On the 10th day of June, 1889, the prosecuting attorney commenced suit to foreclose said tax lien, serving process on A. by publication, and leaving B. unserved and not a party to the suit. During the pendency of this suit, the taxes, interest, penalty and costs were paid, but the costs of the suit were not paid, and these facts the court found, and decreed that the costs of the suit be a lien upon said land, and ordered that the land be sold to satisfy the same. In pursuance to said order, the sheriff sold the land to C., and, there being no redemption from such sale, C. received a deed for the same March 3d, 1891, which was duly recorded. B. brought suit against C. to quiet his title to said land, and C. answered by cross-complaint, asking to have his title quieted to the same.

*Held*, that the suit brought by the prosecuting attorney did not affect the lien of B., and that the same remained good.

*Held*, also, that the circuit court had jurisdiction over the subject-matter and person of the defendant, A., and that the decree in said suit is valid, and that C., who purchased under the decree, is the owner of the land, and should have his title quieted, subject to a lien in favor of B. for the amount of the taxes paid by him, with twenty per cent. interest thereon.

From the Greene Circuit Court.

*A. G. Cavins, E. H. C. Cavins* and *W. L. Cavins,* for appellant.

*W. W. Moffett* and *C. E. Davis,* for appellee.

HOWARD, J.—This was a suit to quiet title to real estate, brought by appellee against appellant. Appellant filed an answer in general denial, and also filed a cross-complaint, asking that his title to said real estate be quieted. Appellee filed a general denial to the cross-complaint. The cause was submitted to the court for trial, and the court, at the request of appellant, found the facts specially.

From the finding of the court, it appears that the real estate in controversy, being lots forty-eight and forty-

nine in the town of Point Commerce, Greene county, Indiana, was duly listed for taxation for several years prior to the year 1885, and that said lots, during all of said time, and up to February 12, 1891, were owned in fee by one Daniel Mathias, and appeared in his name on the tax duplicate; that said taxes were not paid, and became delinquent, and the lots were duly advertised for sale by the treasurer of said county, and were, on the 12th day of February, 1889, duly sold for said taxes to appellee, who received a certificate of purchase from the county auditor, and there being no redemption from said sale, appellee, on the 12th day of February, 1891, received from said auditor a tax deed for said lots, which deed was duly placed on record; that on the 30th day of December, 1887, the county auditor duly certified to the prosecuting attorney of the Greene Circuit Court that said lots had been duly advertised and offered for sale for three successive years, 1885, 1886, and 1887, for delinquent taxes due thereon that had been duly assessed, and had failed to sell for want of bidders, and that said lots were the property of Daniel Mathias; that on the 10th day of June, 1889, said prosecuting attorney commenced suit in the Greene Circuit Court to collect said delinquent taxes; that process by publication was duly had against said owner, Daniel Mathias, and such proceedings had that at the November term, 1889, of said court, a finding was duly made; that said taxes, interest, penalty and costs had been paid since the commencement of said suit, but that the costs of said suit had not been paid, and a decree was duly entered declaring said costs of suit a lien on said lots, and ordering that said lots be sold to satisfy the same; that appellee was not a party to said suit; that said lots were duly sold by the sheriff of said county, to appellant, who received a sheriff's certificate therefor, February 15, 1890, and there being no redemption from

said sale, appellant, on March 3, 1891, received a sheriff's deed for the lots, which was duly placed on record.

On these facts there were conclusions of law and judgment for appellee.

Several errors are assigned and discussed by counsel, but the only alleged error which need be considered relates to the conclusions of law upon the facts found by the court.

The court found that on December 30, 1887, the county auditor duly certified to the prosecuting attorney that the lots in question had been duly advertised and offered for sale for three successive years, 1885, 1886, and 1887, for delinquent taxes due thereon that had been duly assessed, and had failed to sell for want of bidders, and that said lots were the property of, and belonged to, Daniel Mathias.

This certificate was made in compliance with the terms of the statute then in force (Acts 1883, p. 123, Elliott's Supp., section 2147), and imposed upon the prosecuting attorney the duty of enforcing the lien of the State for such taxes, penalty, interest, and costs upon such lands or lots. On June 10, 1889, the prosecuting attorney brought suit to collect said taxes by a foreclosure of the lien thereof claimed to exist upon said lots against said Daniel Mathias and wife. Process by publication was duly had upon said Mathias, and such proceedings had that the court found that said taxes, interest, penalty, and costs were paid after the commencement of the suit, but that the costs of the suit were not paid, and decreed such costs of suit a lien on said lots and ordered the lots sold without relief from appraisement for payment of such lien. The lots were sold by the sheriff on such decree to appellant. There was no redemption from such sale, and appellant received a deed for them from the sheriff, which deed was duly placed on record.

These proceedings were all in compliance with the stat-

ute, except that appellee was not made a party to the suit, although at the time "he appeared by the public records of the county to have a lien of record upon said lots," to wit, his tax lien, evidenced by his tax certificate, and the record thereof in the office of the county auditor. The suit brought by the prosecuting attorney did not, therefore, affect the tax lien of appellee, but the same remains good.

The statute further provides (Elliott's Supp., *ib.*) that all the proceedings for the sale of lands by decree of court in such foreclosure of tax liens shall be "conducted in the same manner as ordinary civil suits to foreclose mortgages are conducted, and the judgment obtained upon the lien for such taxes, penalty, interest, costs, and charges, shall have priority over all other liens upon such lands or lots,   *   *   and such liens shall in nowise be affected or destroyed by any sale or conveyance of such lands or lots."

There was no appeal taken from the foregoing judgment and decree, and it can not be successfully attacked in this proceeding, unless it is utterly void. The judgment was rendered by a court of general jurisdiction, and is regular on its face, and can not be attacked collaterally, even though it were erroneously rendered, or there were defects of form in the proceedings. *Jackson* v. *State, for use,* 104 Ind. 516; *Pickering* v. *State, for use,* 106 Ind. 228; *Spencer* v. *McGonagle,* 107 Ind. 410; *Phillips* v. *Lewis,* 109 Ind. 62; *Sims* v. *Gay,* 109 Ind. 501; *Kleyla* v. *Haskett,* 112 Ind. 515; *Oswald* v. *Kampmann,* 28 Fed. Rep. 36; *Barnard* v. *Barnard,* 119 Ill. 92.

If the decree were simply erroneous or voidable, but not void; the remedy should be by appeal, but the judgment remains good as against collateral attack. *Kittredge* v. *Martin,* 141 Mass. 410.

In *McCarter* v. *Neil,* 50 Ark. 188, 6 S. W. Rep. 731,

in which there was a decree of sale for nonpayment of taxes, the court said: "Whether the tax decree, which was the foundation of his title, was open to collateral attack, and could be treated as a nullity, depended on the circumstance whether or not the court which rendered it had jurisdiction over the subject-matter and over the parties concerned. For mere errors, irregularities, and even fraud in its procurement, the judgment could only be assailed in a direct proceeding; that is, by petition in the same case to set it aside, or by some proceeding in the nature of a review on error," citing Cooley Taxation (2d ed.), 530, and other authorities.

In *McGregor* v. *Morrow*, 40 Kan. 730, which was a similar suit to that in the case at bar, and under a similar statute to our own, the court says: "The district court having general jurisdiction over the subject-matter, all the presumptions which follow ordinary judgments should apply to judgments of this character, and they can only be attacked directly by proceedings in error, and not collaterally. * * This judgment can not be attacked unless it is void; if it was simply irregular, erroneous and voidable, and the court had jurisdiction, it must be held valid in this action."

*Jones* v. *Driskill*, 94 Mo. 190, is also a similar case, and under a similar statute to ours. The owner, as in this case, was a nonresident, and served by publication. Speaking of the circuit court and the judgment rendered in that case, the Supreme Court of Missouri says: "It was the tribunal created by the constitution and the laws of the land in which was vested general original jurisdiction within the boundaries of the county in which the land was situate, to hear and determine any issue of law or fact that might arise between the officials of the State, charged with the duty of collecting the revenue, on the

one side, and any owner of real estate subject to taxation, upon which the taxes were charged to have become delinquent, on the other;'' and holds that ''the judgment is final and conclusive upon the defendant in any collateral proceeding.'' See *Harvey* v. *Tyler*, 2 Wallace, 328; *Chauncey* v. *Wass*, 35 Minn. 1, and Vanfleet's Collateral Attack, subject ''Jurisdiction.''

This last authority, section 60, referring to the case of *Jones* v. *Driskill, supra*, says: ''In a proceeding to foreclose an alleged tax lien on service by publication, the jurisdiction depends upon the allegations of the petition, and not on the fact that the land was legally assessed, or that the taxes were unpaid.'' See, also, Elliott's Procedure, section 332, and notes.

In the case before us the jurisdiction of the Greene Circuit Court over the subject-matter, to wit, the foreclosure of the lien of the State for delinquent taxes, and also over the person of the owner, Daniel Mathias, is unquestionable.

The certificate of the auditor to the prosecuting attorney, and the bringing of suit by the latter, was the process provided by statute; the owner of the real estate was Daniel Mathias, a nonresident, and he was duly notified by publication; the court assumed jurisdiction, and proceeded in due course to a final determination of the cause. All the presumptions are in favor of the judgment rendered.

Two seeming irregularities may be noted, both due to neglect of duty on the part of the prosecuting attorney: The failure to bring suit on receiving the auditor's certificate, and the failure to notify appellee and make him a party to the suit.

As to the first of these irregularities, if it be one, we must presume that the court exercised its proper functions in taking jurisdiction when the suit was brought.

As to the second, the failure to notify appellee and make him a party, that simply left the appellee Hiram Jean in the same condition in which he was before the bringing of the suit, and with his tax lien unimpaired. It must be noted that appellee had not then-received his tax deed, and was not in any sense the owner of the land in question. Mathias was still the sole owner of the lots, with full right to redeem them from the tax sale of the preceding February, and notice to him was sufficient to give the court jurisdiction.

It follows that the judgment and decree of the Greene Circuit Court in the suit brought by the prosecuting attorney, June 10, 1889, is a valid judgment and decree, and that appellant, who was the purchaser of the said lots under said decree, and who received a sheriff's deed therefor, is the owner thereof, and should have his title quieted under his cross-complaint.

Appellant having thus become the owner of the lots in controversy, and so substituted to all the rights of Mathias, the original owner, it follows that appellee's complaint and the findings thereunder in this suit, are not sufficient, as against such owner, to authorize a decree quieting his title under his tax deed. This is tacitly admitted by counsel for appellee, and the authorities so hold. A person claiming under tax title against the holder of the fee must show that every step required by statute to authorize a tax deed to him has been taken. *Gavin* v. *Shuman*, 23 Ind. 32; *Wilson* v. *Lemon*, 23 Ind. 433; *Ellis* v. *Kenyon*, 25 Ind. 134; *Steeple* v. *Downing*, 60 Ind. 478; *Millikan* v. *Patterson*, 91 Ind. 515; *Bowen* v. *Swander*, 121 Ind. 164; *Ward* v. *Montgomery*, 57 Ind. 276; *Woolen* v. *Rockafeller, Exec.*, 81 Ind. 208; *Earle* v. *Simons*, 94 Ind. 573.

But appellee holds a tax deed for said lots, executed by the county auditor for the nonpayment of taxes, and

has brought suit to quiet his title thereto. In such case the statute (Elliott's Supp., section 2143) provides that: "If, upon the hearing of such cause, it shall appear that the complainant's title was or is invalid for any cause, such suit shall not be dismissed by the court, but the court, in cases where the tax was due and unpaid, shall ascertain the full amount of taxes and lien which the State had in such land or lot for State, county, township and all lawful purposes, which amount shall vest in and be the property of the holder of such tax deed, which, when ascertained, with interest at the rate of twenty per cent. per annum, together with all taxes paid by the holder of such tax deed subsequent to his said purchase, with like interest from the date of such payment to the date of the decree, shall be decreed to be a lien on such land or lot, and the owner and those claiming adversely to such title ordered and adjudged to pay the same within a reasonable time, and in default thereof, shall direct that such land or lot be sold therefor, and that the equity and right of redemption of all defendants in such suit, and all persons claiming under them, shall be forever barred and foreclosed."

Appellee is, therefore, entitled to a judgment in his favor against appellant for the amount of the taxes paid by him, with twenty per cent. interest thereon, and to have such judgment declared a lien on said lots.

The court erred in its conclusions of law.

The judgment is in all things reversed, and the court is directed to restate its conclusions of law in accordance with this opinion, and to render judgment in favor of appellant on his cross-complaint, and in favor of appellee for the amount of his tax lien.

Filed May 23, 1893.