GIBBS, Appellant, v. SOUTHERN.

Division Two, May 24, 1893.

1. **Circuit Court:** JURISDICTION: DELINQUENT TAXES: COLLATERAL ATTACK. The jurisdiction of the circuit court in an action for delinquent taxes is founded on the constitution and laws of the state, and its judgment therein cannot be impeached in a collateral suit by showing that no assessment was made against the land for the years for which the taxes were adjudged delinquent.

2. ———: ———: ———: ———: The judgments of the circuit court are as conclusive in delinquent tax suits as in other cases in which it has jurisdiction.

3. PLEADING: CLERICAL ERROR. An obvious clerical error in a pleading will be disregarded.

4. DELINQUENT TAXES: STATUTES: REPEAL. Section 212 (211) of the Revenue Act of 1872 (Laws p. 88) providing that "the assessment book and all books, papers and records in the office of the clerk of the county court relating to the subject of taxation or copies thereof duly certified by such clerk shall be evidence in all courts in controversies concerning the validity of the sales of land for taxes" was repealed by the delinquent tax act of April 12, 1877.

5. JUDGMENTS: ENTRY ON LAST DAY OF COURT. The law does not require that judgments rendered on the last day of a court term shall be entered in full on the record and be signed by the judge, and such acts are not essential to their validity.

*Appeal from Barry Circuit Court.*—HON. W. D. HUBBARD, Judge.

AFFIRMED.

*Norman Gibbs* for appellant.

(1) Proceedings to collect taxes are *in invitum* and against common right and are limited by the constitutional provisions thereon and must have the support of the constitutional power to tax. (2) A tax levied without a valid assessment is void. (3) It was error for

the trial court to exclude the "assessment books," etc.
Laws 1872, sec. 212 (211) p. 127; *Huber v. Pickler*, 94 Mo.
386; *McClanahan v. West*, 100 Mo. 321. (4) The error
in the petition in the tax suit, reciting that Eli W.
Bower was collector is fatal to the judgment therein.

*George Hubbert* for respondent.

(1) A suit in a circuit court to enforce the lien of
the state for taxes is precisely upon the same footing
with other cases involving the exercise of such court's
jurisdiction and power. *Allen v. Ray*, 96 Mo. 542;
*Hill v. Sherwood*, 96 Mo. 125; *Elting v. Gould*, 96 Mo.
535; *Jones v. Driskell*, 94 Mo. 190; *Millner v. Shipley*,
94 Mo. 106; *Allen v. McCabe*, 93 Mo. 138; *Brown v.
Walker*, 85 Mo. 262; *Gray v. Bowles*, 74 Mo. 419; *Well-
shear v. Kelley*, 69 Mo. 343. Nor is this application
of the general principle to actions for taxes peculiar
to this state. 1 Black on Judgments, section 247. (2)
Manifest clerical errors in writing the name of the
defendant in lieu of that of the relator in the first sec-
tion of the body of the tax suit petition, and in writing
the word "collector" in lieu of the collector's surname,
were properly treated by the circuit court, in this and
in the original case, as of no moment. Such errors
must be disregarded, even if the attack were made
directly upon the tax judgment, whether we have
reference to our statute of jeofails or the general
principles of interpretation. 2 Wagner's Statutes,
sec. 19 p. 1026. *Agan v. Shannon*, 103 Mo. 661. (3) The
defective allegations in regard to the preparation of tax
books, etc., are not open to question in this case.
Precisely the same form of petition was held good in
*Wellshear v. Kelley*, 69 Mo. 343. (4) The court did
not err in refusing to admit in evidence the revenue
records in the county clerk's office. The act of 1877
expressly repealed acts inconsistent with it.

GANTT, P. J.—This is an action of ejectment for eighty acres of land, the south half of the southeast quarter of section four (4), in township number twenty-one, range twenty-five, in Barry county, Missouri. Ouster was laid on the thirtieth day of April, 1888, and damages claimed in the sum of $100. The rents and profits were alleged to be of monthly value of $10. The defendant pleaded a general denial and adverse possession for ten years, to which a general reply was filed. The cause was tried at the October term, 1889. A jury was waived.

Plaintiff's documentary evidence consisted of a patent from the United States to Eli W. Bower, dated June 10, 1869, and a quitclaim deed from Bower to plaintiff of date February 24, 1888, recorded August 16, 1888, consideration $400. Defendant admitted his possession. Rents were shown to be of the value of $30 a year.

The defendant, at the close of the plaintiff's case, offered in evidence the following sheriff's deed, purporting to convey to F. S. Johnson the title of Eli Bower.

### SHERIFF'S DEED.

"*To all to whom these presents shall come:*

I, Andrew J. Hopkins, sheriff of the county of Barry, state of Missouri, send greeting:

WHEREAS, on the twentieth day of March, A. D. 1878, judgment was rendered in the circuit court in the county of Barry, state of Missouri, in favor of the state of Missouri, at the relation and to the use of J. W. Lecompte, collector of the revenue of Barry county, in the state of Missouri, and against Eli W. Bower for the sum of thirty-three and eleven one hundredths dollars, for certain delinquent, state, county and

special taxes and interest, as hereinafter set forth, assessed and found by said court to be due and unpaid upon the following described real estate, viz:

| TRACT NO. | Parts of sections, lot or block, addition or town. | SEC. | TWP. | RNG. |
|-----------|----------------------------------------------------|------|------|------|
| 1. | West one-half, southeast one-fourth and southeast one-fourth, southeast one-fourth and southwest one-fourth. | 4 | 21 | 25 |

And that taxes and interest found due upon said real estate, and the years for which the same were assessed, are upon each of the above described tracts as follows, viz:

| TRACT NO. | Amount of taxes and interest for each year on above described and numbered tracts. | TOTAL. |
|-----------|----------------------------------------------------------------------------------|--------|
| 1. | Year 1870, $4.40; year 1871, $5.90; year 1872, $4.86 ...................... | $15 16 |
| | Year 1873, $5.07; year 1874, $5.03; year 1875, $4.33...................... | 14 43 |
| | Year 1876, $3.52...................... | 3 52 |
| | | $33 11 |

And also certain costs which have been taxed the sum of $17.71, which said sums of taxes, interests and costs were declared by said court to be a lien in favor of the state of Missouri, upon the above described tracts of real estate.

And, whereas, it was decreed by said court that the lien of the state of Missouri upon the above described tracts of real estate, or so much thereof as may be necessary to satisfy such judgment, interest and costs, be sold according to law; upon which judgment a special execution and order of sale was issued

from the clerk's office of said court, in favor of the state of Missouri, to the use of the said collector and against the said Eil W. Bower, dated the twenty-third day of May, A. D. 1878, directed to the sheriff of the county of Barry, and directing said sheriff to sell said real estate to satisfy said judgment, interests and costs, and the same was to me delivered on the twenty-third day of May, A. D. 1878, by virtue of which said execution, I, the said sheriff, did, on the twenty-seventh day of June, A. D. 1878, levy upon and seize the above described real estate, situate in my said county; and having, previously to the day of sale hereinafter mentioned, given at least twenty days' notice of the time and place of the sale and of the real estate to be sold, and where situated, as the law directs, by advertisement in the *Valley Press*, a newspaper published in my said county, by virtue of which said execution and notice, I did, on the thirteenth day of September, A. D. 1878, between the hours of nine in the forenoon and five in the afternoon of that day, agreeably to said notice, at the courthouse door in my said county of Barry, and during the session of the circuit court in said county, at the September term thereof, A. D. 1878, expose to sale at public auction for ready money, the above described real estate, and F. S. Johnson being the highest bidder for the following described real estate, viz: South one-half of southeast one-fourth, section four (4), township twenty-one (21), range twenty-five (25), situate in the county of Barry and state of Missouri, for the price and sum of $10; the said last above described tracts were stricken off and sold to the said F. S. Johnson for the sum bid therefor by him as above set forth. Now, therefore, in consideration of the premises, and of the sum of $10 to me, the said sheriff, in hand paid by the said F. S.

Johnson, the receipt whereof I do hereby acknowledge, and by virtue of the authority in me vested by law, I, Andrew J. Hopkins, sheriff as aforesaid, do hereby assign, transfer and convey to the said F. S. Johnson all of the above described real estate, so stricken off and sold to him, that I might sell, as sheriff as aforesaid, by virtue of the aforesaid judgment, execution and notice.

To have and to hold the right, title, interest and estate hereby conveyed unto the said F. S. Johnson his heirs and assigns, forever, with all the rights and appurtenances thereto belonging.

In witness whereof, I. Andrew J. Hopkins, sheriff as aforesaid, have hereunto set my hand and seal, this fourteenth day of September, 1878.

ANDREW J. HOPKINS, [SEAL]<br>Sheriff.

STATE OF MISSOURI, ⎱ ss
   County of Barry, ⎰

In the circuit court of Barry county, Missouri, September term, A. D. 1878.

Be it remembered, that on this fourteenth day of September, in the year of our Lord, 1878, before the Hon. W. F. Geiger, judge of the circuit in the county aforesaid, came into open court, Andrew J. Hopkins, personally known to the said judge to be the same person whose name is subscribed to the foregoing instrument of writing, as having executed the same as sheriff, and also known to be the sheriff of the county of Barry aforesaid, and then and there, in open court, before the said judge, acknowledge the said instrument to be his act and deed, for the purposes therein mentioned, this certificate of said acknowledgment

being ordered by said court to be endorsed by the clerk on this deed.

In testimony whereof, I, Michael Horine, clerk of our said court, have hereunto set my hand [L. S.] and affixed the seal of our said court. Done at office in Cassville, in the county aforesaid.

MICHAEL HORINE, Clerk.

Filed for record at 4 o'clock P. M., September 14, 1878.

MICHAEL HORINE, Recorder.
Per R. R. McGUIRE, Deputy.

To the introduction of this deed plaintiff objected, for the following reasons: *First.* That there is no valid judgment to support said sheriff's deed. *Second.* That there was no assessment of lands in the county of Barry in the state of Missouri, in, or for any of the years named in said deed, and for the taxes for which years said land was pretended to be sold by said sheriff. *Third.* That the court rendering the pretended judgment under which said sheriff's sale purported to be made, had no jurisdiction of the subject-matter of the pretended suit, nor of the person of the defendant named in said tax suit. Which were overruled by the court, and the deed admitted, and plaintiff saved his exceptions.

Plaintiff admitted that he knew of the existence of said tax deed and the pretended judgment under which said sheriff's sale was had, at the time he (plaintiff) purchased the land in controversy from Eli W. Bower.

Both parties admitted that the defendant traces his claim of title in the land in controversy through sundry deeds from said sheriff's sale, the last of said deeds being a warranty deed from Isaac Hilton to

defendant, dated February 18, 1886, and reciting a consideration of $400.

Plaintiff then by way of rebuttal to defendant's evidence, and to show that said sheriff's sale was invalid, and passed no title to the land in controversy, and that the pretended judgment under which the said sheriff's sale was had was void, offered in evidence all the assessment books, and all books, papers and records in the office of the clerk of the county court of the county of Barry in the state of Missouri, appertaining to the subject of taxation for the years 1869, 1870, 1871, 1872, 1873, 1874, 1875 and 1876, and *offered to prove by said books, papers and records that no assessment whatever was made of the land in controversy* in or for any of said years; and also to prove by said books, papers and records that no lands whatever in said county were assessed in or for any of said years. To the introduction of any and all of said evidence the defendant at the time objected, for the reason that the same was improper, incompetent and irrelevant, and was concluded by the tax judgment under which he claimed title. The court sustained said objections of the defendant and excluded all of said books, papers and records so offered by the plaintiff, and refused to permit him to prove that no assessment was made in or for any of said years, to which action of the court in sustaining said objections and excluding said evidence the plaintiff at the time duly excepted.

Plaintiff then by way of rebuttal to defendant's evidence, and to show that the said sheriff's sale was invalid and passed no title, tendered and read in evidence the entire roll and record of said suit, and under which judgment defendant claims his title to the land in controversy. The petition in said back tax suit began in words and figures following, to-wit:

PETITION IN SUIT FOR BACK TAXES ON DELINQUENT AND FORFEITED LANDS.

"The State of Missouri, at the relation and to the use of J. W. Lecompte, collector of revenue of Barry county, in the state of Missouri,

v.

"Eli W. Bower, defendant.

In the circuit court of Barry county, Mo., to March Term, 1878.

The State of Missouri, who sues in this behalf at the relation and to the use of the collector of the revenue within and for the county of Barry, in the state of Missouri, states that *Eli W. Bower* is now, and for a long time past has been, the legally commissioned and qualified collector of the revenue within and for the county and state aforesaid."

It then proceeded with all the necessary and formal averments to allege that the taxes sued for were duly assessed and levied on the above described land; the different funds and amounts due each; alleged they were a lien in favor of the state and county, under the Act of April 12, 1877; also averred the employment of the attorneys and the fee agreed upon, and closed with this prayer and verification:

"Wherefore, the State of Missouri, at the relation and to the use of *J. W. Collector*, collector of revenue within and for the county of Barry, Missouri, prays judgment at the relation and to the use aforesaid, for the sum of $29.49, aggregate amount of said taxes, with interest thereon from the first day of January, 1877, at the rate of ten per cent. per annum, together with fees, commissions and the cost of this proceeding, and that the same be declared a lien in favor of the State of Missouri, and that the said lien be enforced, and said real estate, or so much thereof as may be necessary to

satisfy such judgment, interest, fees, commissions and costs thereon, be sold, and that a·special *fieri facias* be issued thereon.

> "J. W. LECOMPTE,
> > "Collector of Barry Co., Mo.,
> > "Per GREENWOOD, PLUMMER & WEAR,
> > > > "His Attorneys."

To this was appended an affidavit of the non-residence of Bower by Lecompte, the collector.

On the back of said petition was endorsed the following memoranda, to-wit: "Trial by court and judgment for plaintiff for $33.11, March 20th, 1878.

> > "MICHAEL HORINE,
> > > > "Clerk.
> > "Per R. McGUIRE,
> > > > "Deputy."

The back-tax judgment rendered March 20, 1878, was in words and figures following, to-wit:

BACK TAX JUDGMENT.

"The State of Missouri, at the relation and to the use of J. W. Lecompte, collector of revenue of Barry county, in the state of Missouri, plaintiff,

> > *v.*

Eli W. Bower, defendant.

⎱ Action for back taxes.

Now, on this day comes plaintiff by his attorneys and this cause coming on to be heard and it being proven to the satisfaction of the court from the affidavit of John Ray, publisher of the Cassville *Democrat*, that defendant had been duly notified of the bringing, object and general nature of this action by publication in the Cassville *Democrat*, a weekly newspaper published in this county and state for four weeks successively, the

last insertion thereof being at least four weeks before the first day of the present term of this court, by which said notice the defendant was required to appear at this term, and on or before the third day thereof answer to plaintiff's petition, or the same would be taken as confessed and judgment rendered accordingly and it further appearing to the court that the defendant herein has failed to appear in anywise, but herein makes default and the court proceeding to hear the cause finds from the evidence adduced by plaintiff that this is an action founded on a duly certified tax-bill filed with plaintiff's petition whereby it appears that the back-taxes for the years in the amounts hereinafter mentioned inclusive of interest, costs, etc., now due and constituting a charge and lien upon the following described tract of land, to-wit: The west half of the southeast quarter and the southeast quarter of the southeast quarter and the southwest quarter of section number four (4) in township number twenty-one (21) of range number twenty-five (25) in Barry county, Missouri, are as follows, to-wit:

Due for the year 1870, $3.92 principal and $0.48 interest thereon.

Due for the year 1871, $5.25 principal and $0.65 interest thereon.

Due for the year 1872, $4.33 principal and $0.53 interest thereon.

Due for the year 1873, $4.51 principal and $0.56 interest thereon.

Due for the year 1874, $4.48 principal and $0.55 interest thereon.

Due for the year 1875, $3.86 principal and $0.47 interest thereon.

Due for the year 1876, $3.14 principal and $0.38 interest thereon.

It is, therefore, considered, ordered and adjudged by the court that plaintiff have judgment for and recover the said sums amounting, in the aggregate, to $33.11, together with ten per cent. thereon as costs for attorneys' fees in this suit amounting to $3.31, and his other costs. It is further adjudged and decreed that the said lien of the state of Missouri upon said land be foreclosed, and that the real estate above described, or so much thereof as may be necessary to satisfy this judgment and costs be sold; that to that end a special *fieri facias* issue in the usual form to the sheriff of this county against the said land.''

The execution was had May 23, 1878, and conformed in all its recitals to this judgment.

Plantiff offered to show that the judgment was not rendered until the last day of the term, and was not written out in full on that day and the record signed by the judge, which was excluded by the court on objection, to which he duly excepted.

The plaintiff then asked the following instructions:

''1. That the patent from the United States to Eli W. Bower, and the deed from Eli W. Bower and wife to the plaintiff, Norman Gibbs, read in evidence by the plaintiff, had the legal effect to pass the title to the land in controversy to plaintiff, and that he is entitled to recover in this action.

''2. That the petition in the tax suit against Eli W. Bower, and the deed from Eli W. Bower, and the notice given by publication in said suit were not sufficient to give the court jurisdiction to render the pretended judgment, under which defendant in this action claims title to the land in controversy.

''3. That if the land in controversy was not assessed in or for the years 1869, 1870, 1871, 1872, 1873, 1874, 1875 and 1876, then the circuit court of

Barry county had no jurisdiction to render judgment against said land for the taxes for any of said years.

"4. That the pretended tax judgment read in evidence by plaintiff, and under and by virtue of which judgment the defendant claims title to the land in controversy is void, unless the taxes for which said judgment was rendered were levied upon an assessment of the lands in said judgment described.

"5. That if no lands in the county of Barry, in the state of Missouri, were assessed in or for any of the years for which the pretended tax judgment read in evidence by plaintiff was rendered, and under and by virtue of which judgment the defendant in this action claims his title to the land in controversy, then said pretended judgment is void.

"6. That the pretended tax judgment read in evidence by plaintiff, and under and by virtue of which judgment the defendant claims title to the land in controvorsy, is void, if no lands in the county of Barry, in the state of Missouri, were assessed in or for any of the years for the taxes for which years said pretended judgment was rendered.

"7. That a judgment rendered against a defendant who has been served by publication only, and who has not appeared in the case, is void, if the petition does not state facts sufficient to constitute a cause of action.

"8. That a judgment rendered against a defendant who has been served by publication only, and who does not appear in the case, is void, unless the petition states every fact necessary to give the court jurisdiction of the subject-matter of the suit, and over the parties to the suit.

"9. That if the land in controversy was not assessed in or for any of the years 1869, 1870, 1871, 1872, 1873, 1874, 1875 and 1876, then no lien in favor

·of the state of Missouri was created and the circuit court of Barry county, Missouri, had no jurisdiction to ·enforce a non-existing lien.''

The court refused to give any of said declarations ·of law asked by plaintiff, and plaintiff duly excepted.

The court then, at the request of the defendant and against the objections of the plaintiff, gave the following declarations of law, to-wit:

''1. The sheriff's deed, introduced in behalf of the defendant, is sufficient in law *prima facie* to divest plaintiff's grantor of all interest he may have had in the land previous to the judgment therein recited, and prevent recovery in this case by reason of subsequent conveyance to plaintiff.

''2. It is not relevant to the issues in this case, nor competent for this court to inquire now whether the evidence of the facts alleged in the petition and found by the court in the tax suit against Bower, was sufficient to warrant the judgment there entered; and the proffered evidence of the supposed want of legal assessment of taxes for which judgment was entered in that action must be excluded in this.

''3. The jurisdiction of the court in the tax suit against Bower was acquired by the filing of the petition and notice by publication in pursuance of order therefor, and no inquiry can be made in this case as to any supposed irregularities occurring in the progress of that suit, or errors of the court as to the sufficiency of the evidence adduced therein.''

To the giving of defendant's instructions, plaintiff objected and excepted, and thereupon took a non-suit, with leave to move to set the same aside. He afterwards filed his motions to set aside the non-suit, for new trial and in arrest, which were overruled, and he brings the case here.

I. By reference to the accompanying statement of facts, it will be observed that plaintiff seeks to attack the validity of the judgment of the circuit court, upon which the tax deed of defendant is based. He assumes that a want of jurisdiction may be shown by evidence establishing that some fact which the court found to exist did not in fact exist, hence he strenuously insists upon a reversal because the trial court refused to allow him to show that there was no assessment of Barry county, for the years for which the taxes were adjudged delinquent. He assumes that the circuit court derives its jurisdiction to render a judgment from the existence of a valid assessment.

This is most clearly not the law of this state. The court derived its jurisdiction to hear and determine the cause in which the state to the use of the collector sued Eli Bower for the taxes therein claimed, from the constitution and laws of this state. It was a court of general jurisdiction proceeding according to the course of the common law. Its jurisdiction once obtained, as it was in that cause, upon a petition stating a cause of action, after due notification of the defendant by an order of publication regularly ordered and published, can not be questioned in a collateral suit, by the proof that some of its findings were erroneous. Its judgments are no less conclusive in tax suits than in any other causes over which it has jurisdiction by virtue of the constitution and laws of the state. *Jones v. Driskill*, 94 Mo. 190; *Milner v. Shipley*, 94 Mo. 106; *Hill v. Sherwood, et al.*, 96 Mo. 125; *Allen v. McCabe*, 93 Mo. 138; 1 Black on Judgments, sec. 247.

The court committed no error in refusing to admit the assessment books to show the lands were not assessed. The proof of that fact, if true, would not have invalidated the judgment on which the tax deed was bottomed.

II. It is very clear that the proceedings were not void, because the pleader by a very natural mistake, inserted the defendant Bower's name for that of Lecompte, the collector, in the opening paragraph in the petition for the taxes. The caption shows the names of the plaintiff, the relator, and of the defendant, fully and correctly. The defendant was charged as the owner of the land and with being delinquent in the payment of the taxes. Throughout the proceedings, with this and another immaterial exception, the names of all the parties are correctly stated. Such a mistake was not calculated to mislead an ordinary man, much less the able and astute counsel who is the plaintiff in this case. Courts of justice have long since ceased to regard such evident clerical errors as material.

III. Another contention of the appellant is that section 212 (211) of the act concerning the assessment and collection of revenue, approved March 30, 1872, (Laws 1872, p. 127,) is still in force, notwithstanding the back tax law of April 12, 1877, (Laws 1877, p. 384), and that said section made it the duty of the trial court to receive in evidence the assessment books offered by him, to impeach the deed in this case.

Section twenty of the act of 1877 expressly repeals "all acts and parts of acts inconsistent with this act." We deem the rule of evidence, announced in section 212 (211) of the act of 1872, which by its terms applied to *sales* of lands for taxes, under that act, as wholly inconsistent with the mode of procedure prescribed by the act of 1877. By the latter act, in all suits brought in pursuance of its provisions, "the general laws of the state, as to practice and proceedings in civil cases, shall apply so far as applicable." To apply the provisions of section 212 of the act of 1872, and thereby permit the assessment rolls and other proceedings in the levying of taxes to destroy the force and effect of a judg-

ment of a court of general jurisdiction would subvert the act of 1877 and render nugatory its most commendable provisions. We hold that it was the evident intention to repeal section 212 (211) of the act of 1872, and the trial court correctly so ruled.

IV. The court very properly declined to hear the evidence that the judgments rendered on the last day of the term were not all entered in full on the records and signed by the judge on that day. The law did not require it, and the proof had no tendency to impair the judgment.

The questions involved in this appeal have been so often decided by this court, that they must now be regarded as rules of property. As such it is our duty to refrain from casting any doubt upon them. The very ingenious argument of counsel and his industry in citing authorities, has deserved our careful consideration, but in this collateral proceeding cannot be allowed to overturn the well settled law of the land. The judgment of the circuit court is affirmed. All concur.