THE STATE *ex rel.* KEARNEY *et al., Plaintiffs in Error,* v. FINN *et al.*

1. **Process**: SHERIFF, DUTY OF IN SERVICE OF SUMMONS. A sheriff is required to make a reasonable effort, in good faith, to serve a writ of summons, and must act honestly and diligently, having due regard to his duties to all litigants and to the public. The extent of inquiry to be made by him depends upon the circumstances of each case.

2. ———: ———. The return of *non est* to a writ of summons by an officer includes the assertion that he has made honest and diligent effort to find the defendants, as the law requires.

3. ———: LIABILITY OF OFFICER FOR FALSE RETURN: DAMAGES. The fact that an order of publication intervened, in the regular course of practice in court, between a false return of *non est* to a summons by an officer and judgment by default, will not have the effect of shielding the officer from liability for the false return, and the loss suffered by the defendant, in consequence of an execution sale of his property under the judgment by default, is a

proper element of damages in an action by him against the sheriff for a false return.

4. **Practice**: SUING OUT WRIT OF ERROR. The suing out of one writ of error, and a dismissal of the same, does not preclude suing out another and giving the proper notice.

*Error to St. Louis Court of Appeals.*

REVERSED.

C. P. and J. D. Johnson for plaintiffs in error.

The proper measure of damage in the case is the value of the property in question, lost to plaintiffs by the unlawful official act of defendant, Finn. A sheriff is liable for damages resulting from the making of a false return of process, similar to the one involved in this case. *Bolles v. Bowen,* 45 N. H. 125; *Davis v. Richmond,* 35 Vt. 419; *Waterhouse v. Gibson,* 4 Me. 234; *Tomlinson v. Long,* 8 Jones (N. C.) 469; *Wright v. Keith,* 24 Me. 164; *Albright v. Tapscott,* 8 Jones (N. C.) 473. The court only acquired jurisdiction to make the order of publication by means of the false return of the sheriff. R. S., sec. 3489, same as G. S., p. 225, sec. 6; R. S., sec. 3494, same as G. S., p. 655, sec. 13; R. S., sec. 3496, same as G. S., p. 655, sec. 15; *Schell v. Leland,* 45 Mo. 290; *Brayser v. McLean,* 6 Law R. Priv. Council Appeals, 398. The case is in no wise different from one in which the return of personal service of summons was made, when in fact no such service was had. In such case it was held that the officer in fault was liable. See cases *supra.* The property was entirely lost to the relators, as the sale under the tax judgment passed the title to the purchaser. *Tower v. Lennox,* 52 Mo. 115; *Bates v. Bank, etc.,* 15 Mo. 309; *Jennings v. Brizeadun,* 44 Mo. 332; *Jones v. Talbot,* 9 Mo. 125; *McNair v. Biddle,* 8 Mo. 266; *Castleman v. Relf, etc.,* 50 Mo. 588; *Gott v. Powell,* 41 Mo. 416; *Curd v. Lackland,* 49 Mo.

454; R. S., sec. 3691. But as the return of the summons was illegal, and in violation of the official duties of the sheriff, they will not ·be permitted to claim exemption upon such ground. *Champion v. White,* 2 Nev. & Perry, 627; s. c., 6 Adol. & E. 407.

*E. T. Farish* for defendants in error.

(1) The law fixes a certain time ·for the assessment of property and the payment of taxes, and the owners are bound to take notice of it, and are in default when they fail to pay their taxes; so that primarily the default of the owners of the property, in not paying the taxes, was the cause of the loss which they now seek to shift and impose upon the sheriff. (2) The sheriff's return had not the effect of bringing the party into court. The court acquired no jurisdiction over the defendant, nor the property in the tax suit by reason of the return of "not found." The judgment rendered was by virtue of the service made under and by the order of publication. (3) As it is admitted the debt was due, there was no wrong done by reason of the recovery of the judgment therefor. The subsequent sale of the property is a damage too remote to be recovered. The injury causing the damage must be immediate and proximate—the *causa causans.* There is no parallel between this case and that where the defendant is returned "found," when in fact he is not served, and in consequence a judgment recovered for a debt which he never owed, or to which he had a·meritorious defence. (4) The court in making the order of publication, under section 3496, Revised Statutes, 1879, acted judicially. The return of the sheriff on the summons may have been a condition precedent, but in addition thereto the court had to be satisfied that process could not be found. What was the evidence adduced, or the reason of the action of the judicial mind in making such order of publication, cannot be inquired ··

into. But, on the contrary, it will be presumed that the judgment of the court, in making the order, was based upon proper and sufficient grounds. (5) The authorities cited by plaintiffs are not in point. The plaintiffs should have been allowed to dismiss their writ of error, and sue out a second writ.

BLACK, J.—The relators are husband and wife, and in the right of the wife owned real property, upon which the taxes were unpaid for 1875. The collector brought suit to enforce the lien for the taxes against the property. To the writ of summons the sheriff made return that the defendants to them, relators here, could not be found in St. Louis. Notice, by publication in newspaper, judgment, special execution, and a sale of the land followed. The purchaser recovered possession by an action of ejectment, and the relators bring this suit against the sheriff and his sureties for an alleged false return on the writ of summons. The tax judgment was for $23.27 and the property sold, at the sheriff's sale, for three hundred and eighty dollars. The relators offered in evidence the sheriff's deed, and also offered to prove that the property thus taken from them was of the value of four thousand dollars, all of which evidence was excluded on the ground that the damages resulting from the sale were too remote. Under the directions of the court there was a verdict for one cent damages, to reverse which this writ of error was sued out.

With respect to executions, it is the duty of the officer to use reasonable diligence in searching for property whereon to levy the same. *Fisher v. Gordon*, 8 Mo. 386; *State ex rel., etc., v. Ownby*, 49 Mo. 72; *Taylor v. Wimer*, 30 Mo. 126. He must execute the writ without unreasonable delay. *Douglass v. Baker*, 9 Mo. 41. So the law sanctions no negligence in the execution of writs of attachment, and on the other hand it makes no unreasonable demands. Reasonable diligence and

celerity only is required. *Whitney v. Butterfield*, 13 Cal. 338; *Hinman v. Borden*, 10 Wend. 367; *Tucker v. Bradley*, 15 Conn. 46. So, too, it was said in *Commonwealth for Ashby v. Gill*, 14 B. Mon. 20, with respect to the service of a writ of summons: "All that is required from the sheriff in such cases is that he shall, in good faith, make a reasonable effort to execute the process. If he were required to use all possible efforts to execute a summons in one case, he might thereby lose the opportunity of executing every other process in his hands. He is to act, in each case, honestly and diligently, but with due regard to his duties to all litigants, and to the public. It is upon this principle that he is authorized to return 'not found,' if he go to the dwelling of the party and do not find him there. And these circumstances would excuse the non-execution of the process, unless it should be made to appear that he had a reasonable opportunity of executing it on some other occasion." The *non est* return of the officer includes the assertion that he has made such efforts to find the defendants as the law requires he should make. The extent of this inquiry to be made by him, as we have seen, depends much upon the circumstances, and in this respect is like questions of negligence.

Now, the summons in this case was issued on May 29, 1878, and was returnable to, and actually returned to, the following October term of the court. The bill of exceptions says the relators offered evidence tending to show that the return was false; that the relators were, at the date of the return, and for a number of years prior thereto had been, well-known residents and householders in said city, and were in the city, all of which the sheriff knew, or, by the exercise of proper diligence, might have known. Not a word of opposing testimony is offered. Applying the principles before stated and there was a plain breach of duty, and the return was

false.    Not a mitigating circumstance was shown on.
trial.    This may have been of the ruling as to damages.

But it is urged that relators could not recover sub-
stantial damages because the order of publication in-
tervened between the act of the officer, and the sale by
which the property was lost to the relators.    In short, it
is sought to apply a principle of law which is thus stated
in Wharton on Negligence, section 134:  "Another per-
son, moving independently, comes in, and, either negli-
gently or maliciously, so acts as to make my negligence
injurious to a third person.    If so, the person so inter-
vening acts as a non-conductor, and insulates my negli-
gence, so that I cannot be sued for the mischief which
the person so intervening directly produces."    Section
3496, Revised Statutes, provides that:  "When, in any
of the cases contained in section 3494 (and this is one of
them), summons shall be issued against any defendant,
and the sheriff to whom it is directed shall make return
that the defendant or defendants cannot be found, the
court being first satisfied that process cannot be served,.
shall make an order as is required in said section."

It is under this section the order of publication was.
made.    It is true, the court must be satisfied that process.
cannot be served.    No method of thus satisfying the court.
is pointed out.    It cannot be contended that the law means.
that witnesses shall be subpœnaed and heard.    The court
may, and in many cases ought to, make inquiry aside
from the return.    But it may also, and rightfully too, be-
satisfied from the return itself, as where the writ has.
been in the hands of the officer for a considerable length
of time, as was the case here.    It is the *non est* return
which constitutes the basis upon which this class of pub-
lications are made.    It supplies the place of an affidavit
of non-residence.    Every officer knows, and must know,
that a publication is the natural and orderly result of
such a return.    It cannot be said that the court acts in-

dependently of the return ; it rather acts in conjunction with the return, without which it could not make this class of publication. If a new force or power has intervened, of itself sufficient to stand as the cause of the misfortune, the other must be considered too remote. *Ins. Co. v. Tweed*, 7 Wall. 52. The act, however, of a third person intervening and contributing a condition necessary to the injurious effect of the original negligence, will not excuse the first wrongdoer, if such act could have been foreseen. *Lane v. Atlantic Works*, 111 Mass. 140. According to the usual and well known course of business and practice in the court, the order of publication, judgment and sale, were the natural results of the false return, though the further order of the court was necessary thereto, but founded thereon. The plaintiff should have been permitted to make the proof offered as to substantial damages, and the cause should be tried on its merits on both sides, and to that end the judgment will be reversed and the cause remanded.

The fact that relators sued out one writ of error which was dismissed does not preclude them from suing out another and giving the proper notice.

The judgment is reversed and the cause remanded. All concur.