TOOKER *et al.*, *Appellants*, v. LEAKE *et al.*

Division One, December 8, 1898.

1. **Actions**: SUIT FOR TAXES: IN REM: NECESSARY PARTIES. The action for the recovery of delinquent taxes is an action *in rem*, to enforce the State's lien against the land, to which the owner is a necessary party.

2. ———: SUMMONS BY PUBLICATION: NONRESIDENTS. The power of the court, or in vacation of the clerk, to make an order of publication under section 2022, Revised Statutes 1889, is not based upon the actual nonresidence of defendants, but upon the fact that the plaintiff or other person for him has alleged in his petition, or at the time of filing it or at some subsequent time, has filed an affidavit stating, that a part or all of the defendants are nonresidents. Upon the filing of such petition or affidavit, the order of publication must be made, neither the judge nor clerk having the power to exercise any discretion in the matter. And this is true of suits to enforce tax liens, as well as of all other civil actions concerning real property.

3. ——: ——: ——: WHEN DISCRETIONARY. But if there is no
such allegation or affidavit and summons has been issued for defend-
ants and returned "not found," the court may, under section 2024,
make a judicial investigation, not for the purpose of determining
whether or not defendant is a nonresident, but for the purpose of
ascertaining whether or not the defendants can be found within the
jurisdiction of the court, so that another summons if issued can be
served on them. And if as a result of such investigation the court
is satisfied that the defendant can not be found, then it is the duty
of the court to make an order of publication. The basis upon which
this order is founded, is the sheriff's return of "not found."

4. ——: ——: SUIT UNDER WRONG STATUTE: VOID JUDGMENT.
Where it is not alleged in the petition that defendants are nonresi-
dents, and there is no affidavit so stating, and, in spite of the fact
that there was a summons to the sheriff of the county and a return
of "not found" and a recital in the order for publication that the
court is satisfied that the defendants "are nonresidents so that the
ordinary process of law can not be served on them," nevertheless if
it affirmatively and unmistakably appears from the face of the record
that the action was brought under section 2022, and not under section
2024, and that there was no compliance with the meaning and spirit
of either section, it will be held that the process by publication was
insufficient and void, the judgment void and the sale under an execu-
tion issued thereon was void, and the purchaser's deed must be set
aside.

*Appeal from Lawrence Circuit Court.*—HON.
J. C. LAMSON, Judge.

REVERSED.

*James R. Vaughan* and *Geo. A. McCollum* for ap-
pellants.

(1) The judgment is absolutely void for want of
jurisdiction; but conceding that as against *bona fide*
purchasers that it is not, there is a line of decisions by
the Supreme Court of this State to the effect that if
such purchasers knew of defects and irregularities in
the judgment, like that in this case—that is, that they
had knowledge of the residence of Horine and Tooker—
that they are effected by such knowledge. This

doctrine is not open to question in Missouri. *Payne v. Lott*, 90 Mo. 676; *Schmidt v. Niemeyer*, 100 Mo. 207; *Bagley v. Sligo Furnace Co.*, 120 Mo. 248. (2) The order of publication is void because it is based upon the theory of nonresidence. There was nothing in the record to justify any such order. The plaintiff was proceeding upon the theory of residence of defendants in this State, and an absenting or absconding, as mentioned in section 2024 of the Revised Statutes of Missouri of 1889, in order to obtain jurisdiction over defendants. There was no averment anywhere of nonresidence. Two summonses had been issued, and it is not claimed that there is anything in the record to justify an order on the ground of nonresidence. No sheriff could make a return which, in the absence of an averment of nonresidence in a petition or an affidavit to that effect, would support such an order. *Harness v. Cravens*, 126 Mo. 233; *Atwood v. Atwood*, 55 Mo. App. 370; *Schell v. Leland*, 45 Mo. 289; *State, etc., v. Horine*, 63 Mo. App. 1. Such service or notice is constructive, and is frequently not effective as notice, and therefore liable to operate harshly, and hence demands a rigid adherence to the terms of the law. *State ex rel. v. Finn*, 87 Mo. 310. A *non est* return can not authorize a court to make an order of publication upon the ground of nonresidence. A *non est* return is evidence that a resident has absconded or absented himself from his usual place of abode, but never that a defendant is a nonresident. (3) It is a fundamental principle that no party can be bound by litigation or orders made in the progress of an action unless he has been notified of such action and has had an opportunity to contest such orders. *State v. Heinrich*, 14 Mo. App. 146. It matters not what facts a court finds, if it has not jurisdiction, its findings are nullities. Herman on Estoppel and Res Adjudicata, secs. 68, 69

and 70.   (4) After the judgment was set aside and declared null and void as to all of the defendants, and consequently as to all of their interests in said lands, the sale and deed which they acquired under it necessarily fell with it, and there is in reality nothing to adjudicate before this court.   *Spradling v. Conway*, 51 Mo. 57; *Buchanan v. Smith*, 75 Mo. 463; *McKee v. Logan*, 82 Mo. 524; *Chouteau v. Gibson*, 76 Mo. 49; *Johnson v. Latta*, 84 Mo. 142.

*Henry Brumbach, R. H. Davis* and *Jos. French* for respondents.

(1) The law does not "contemplate that the writ of summons shall in all cases be directed to the sheriff of the county where the defendant to be served resides," before a legal order of publication can be made on a *non est* return. *Payne v. Lott*, 90 Mo. 681.   (2) In an action of ejectment a purchaser who was a stranger to the record, and who purchased *bona fide*—that is, not in collusion with the judgment creditor—can not be charged with notice of irregularities in the original proceedings, and evidence of such is inadmissible. *Gott v. Powell*, 41 Mo. 416; *Groner v. Smith*, 49 Mo. 324; 22 Am. and Eng. Ency. of Law, 646.   (3) The title of a purchaser at an execution sale, who is a stranger to the record, is not invalidated or defeated by a subsequent reversal on appeal of the judgment, or setting aside of the judgment on motion, filed subsequently to the sale, although the purchaser at the time had notice of such irregularities as would cause a reversal on appeal or on motion to set aside.   22 Am. and Eng. Ency. of Law, 646–647; *Gibson v. Lyon*, 155 U. S. 439; *Gott v. Powell*, 41 Mo. 416; *Irwin v. Jefferies*, 3 Ohio St. 389; *Groner v. Smith*, 49 Mo. 324. (4) The order of publication was based upon the

return of *non est* to the *alias* summons by the sheriff of Lawrence county, and the recital in the order that "it appearing to the satisfaction of the court that the defendants were nonresidents" was surplusage and did not vitiate the order. *Cruzens v. Stephens*, 123 Mo. 344; *Charley v. Kelley*, 120 Mo. 134. (5) The primary object of an order of publication directed to nonresidents or absentees is to notify them of the commencement of the suit, and stating briefly the object and general nature of the petition, etc. R. S. 1889, sec. 2022; *Charley v. Kelley*, 120 Mo. 134; *Sloan v. Forsey*, 11 Mo. 129; *Janney v. Spedden*, 38 Mo. 400; *Moore v. Stanley*, 51 Mo. 317. (6) It is immaterial to a defendant whether the order states the reasons why it is made, and the statute does not contemplate that the notice shall detail the facts as stated in the petition. *Adams v. Cowels*, 95 Mo. 506. (7) It is not necessary that all of the findings of a court of record should appear affirmatively in its minutes, but it is sufficient if it appear by the whole proceeding that the court passed on the questions presented. *State ex rel. v. Hunt*, 133 Mo. 98.

BRACE, P. J.—This is an action in ejectment to recover possession of the northwest quarter of the southwest quarter of section 24, township 26, range 26, in Lawrence county, Missouri. The petition is in common form and the answer a general denial. C. W. Tooker and S. H. Horine, trustee, are the common source of title. It is conceded that plaintiffs have their title, unless the same was divested by a sheriff's deed under which the defendants claim title, dated February 16, 1894, made in pursuance of a sale under execution on a judgment in an action for delinquent taxes, rendered by the Lawrence county circuit court at the August term thereof, on the thirteenth of

November, 1893, in which the said Tooker and Horine were made parties defendant in the petition.

The undisputed facts in the case seem to be, that the tax suit in the circuit court of Lawrence county by petition filed July 5, 1892, was in the ordinary form of petitions in such suits for delinquent taxes, that no fact authorizing publication of notice, as provided in section 2022, Revised Statutes 1889, was alleged in the petition or stated in any affidavit filed in the cause; that summons for Tooker and Horine defendants therein, returnable to the August term, 1892, of said court was issued to the sheriff of Lawrence county: That upon return of that summons at that term, an *alias* summons was issued to the same county, returnable to the February term, 1893; that the *alias* summons was returned *non est* at that term, and the following entry was then made on the judge's docket: "Pub. in Pierce City Democrat 27;" and the following order afterwards spread upon the record of the court:

"March 10th, on the 28th day of the February Term, 1892.

"The State of Missouri, ex rel.
A. R. Wheat, Collector of the
Revenue within and for Law-
rence county, Missouri,
   vs.
"S. H. Horine, as Trustee, and
C. W. Tooker. ·

"Now at this day, it appearing to the satisfaction of the court that the above named defendants, S. H. Horine (as trustee) and C. W. Tooker, are nonresidents of the State, so that the ordinary process of law can not be served upon them, it is therefore considered, ordered and adjudged by the court that the defendants be notified by publication that plaintiff has commenced suit against them in this court, the object and general

nature of the petition filed in said suit being the enforcement of a lien of the State of Missouri against the southwest quarter of the northwest quarter of section twenty-four, township twenty-six, range twenty-six, for the taxes, interest and costs, for the year 1890, amounting to one dollar and fifty-five cents, and that unless the said defendants be and appear at this court at the next regular term thereof, to be begun and holden at the court house in the city of Mt. Vernon on the 7th day of August, 1893, and on or before the sixth day of said term answer or plead to said cause, the same will be taken as confessed and judgment accordingly. It is further ordered that a copy hereof be published according to law in the Pierce City Democrat, a newspaper published in said county, for four weeks in succession, the last insertion to be at least four weeks before the first day of the next term of said court.

"A true copy.          Attest: GEO. M. CARY, Clerk.

"James L. Sheets, Plaintiff's Attorney."

That said order was duly published and proof of publication thereof made at the August term, 1893, of said court at which the judgment was rendered, and which contains the following recital: "But said defendant comes not, but makes default; and it appearing to the court from an inspection of the record and papers in the case that the defendants herein had been duly notified of this suit, as appears by the return of the sheriff of Lawrence county, and E. P. Moore, publisher of the Pierce City Democrat, that S. H. Horine, trustee, and C. W. Tooker, had been duly notified by advertisement published in the Pierce City Democrat, a newspaper published in Lawrence county, Missouri, for four weeks in succession, the last insertion being at least four weeks before the first day of this court," etc.

That execution issued on the judgment returnable to the February term, 1894, at which term the land was

sold on the tenth day of February, 1894, and the defendant R. H. Davis became the purchaser thereof and received the sheriff's deed therefor duly executed, and acknowledged the sixteenth and recorded on the twenty-first day of February, 1894. That after the final adjournment of that term of court on the ninth of March, 1894, and in vacation thereof on the twenty-first of March, 1894, the defendants, in said suit, Tooker and Horine, filed their motion reciting the judgment sale to Davis, the title acquired by the other defendants herein under him, and praying that said judgment be set aside and for naught held for the following reasons: "*First*, because said judgment and sale are null and void; *second*, because the court had no jurisdiction over said defendants—neither of them had been served with process or in any other way notified of said suit; *third*, because the order of publication is void." A copy of this motion was served upon the collector Wheat, and upon the defendants herein, and the motion coming on to be heard, at the August term, 1894, of said court, the same was sustained, the judgment set aside, and from the order setting the same aside the said Wheat and the defendants herein took an appeal to the St. Louis Court of Appeals, by which court the judgment of the circuit court setting aside the judgment rendered by it in the tax suit was affirmed. *State ex rel. v. Horine*, 63 Mo. App. 1.

It was admitted on trial that the original summons in the back tax suit and *alias* summons were issued to the sheriff of Lawrence county, Missouri, and that no writ of summons was ever issued to Greene county, Missouri; that neither Horine nor Tooker, defendants in said back tax suit, ever lived in Lawrence county, Missouri, and that said Wheat, collector, had known Tooker four or five years before the bringing of said

tax suit, and that he knew that he lived in Springfield, Greene county, Missouri; and while he, said Wheat, was not personally acquainted with said Horine, he had known him from the advertisement of his business some four, five or six years, and that he (Horine) lived in Springfield, and that said defendant J. W. Leake, husband of Lottie C. Leake, had known Horine for several years before buying said land; that there was no service of process of any kind upon defendants in said back tax suit, except by order of publication in the Pierce City Democrat; that there was no affidavit of non-residence nor allegation in the petition to that effect, nor was there any allegation or affidavit, alleging any absconding or absenteeism which prevented the service, filed in said cause; that the only notation to the issuance of a summons was upon the judge's minute docket, to wit: "*Alias* summons to any county."

It was also admitted that the entries heretofore offered in evidence in said back tax suit were *all* the entries shown by the records in said cause; that when said Davis bought the land he did so for the joint use of himself, E. P. Moore, Gus Schoen and Joseph French, but that the deed was taken in the name of the said Davis only.

It was also admitted that the twenty-seventh was not the last day of the February term, 1893, of the Lawrence county circuit court, but that the court held two days thereafter, and that there was no entry on the clerk's minute book of any order of publication in the tax suit. The plaintiff also introduced oral evidence to prove that Tooker and Horine were both residents of Springfield, Greene county, Missouri, at the time the tax proceedings were had, and that the defendant John W. Leake and the said Schoen and French were acquainted with Horine. That Tooker paid the taxes of the year before on this land or tried to pay them to

Wheat, and defendant introduced oral evidence tending to prove that the entry on the judge's docket aforesaid was in the handwriting of the judge, and that the figures "27" mean the twenty-seventh day of the term. That defendant, J. W. Leake, did not at the time he bought the land from Davis, know that either Horine or Tooker owned or claimed it. That defendant Davis did not know either Horine or Tooker until after he bought the land; that the said E. P. Moore did not know either Horine or Tooker, nor where they lived and the said French did not know the land ever belonged to Horine, or to whom it did belong, until after the sale and after he had paid his part of the purchase money.

The case was tried by the court without a jury. The court by its declarations of law in effect holding, *first*, that the order of the circuit court setting aside the judgment in the tax suit, had no effect upon the title acquired under the sheriff's deed; *second*, that although Horine and Tooker were in fact and long had been residents of Greene county, Missouri, at the time the return of *non est* on the *alias* summons was made by the sheriff of Lawrence county, and at time the order of publication was made and published in the tax suit, and final judgment therein rendered, and at the time of the execution and sale thereunder, yet such judgment would support such execution and sale and pass the legal title to the purchaser Davis, even though in fact he or some of his associates for whose benefit he bought, may have known that said Horine and Tooker so resided in said county in this State; and in accordance with said declarations, the finding and judgment was for the defendants. Plaintiffs appeal.

The action for the recovery of delinquent taxes, is an action *in rem* to enforce the State's lien against the land subjected to the tax, to which the owner is a

necessary party. In such suits the statute provides that "all notices and process shall be sued out and served in the same manner as in civil actions in circuit courts; and in case of suits against nonresident, unknown parties, or other owners on whom service can not be had by ordinary summons the proceedings shall be the same as now provided by law in civil actions affecting real or personal property." R. S. 1889, sec. 7682. In civil actions in circuit courts, for the enforcement of liens on real property within the jurisdiction of such courts, the statute provides that, "If the plaintiff or other person for him shall allege in his petition, or at the time of filing same, or at any time thereafter shall file an affidavit stating, that part or all of the defendants are nonresidents of the State . . . . . . and can not be served in this State in the manner prescribed in this chapter, or have absconded or absented themselves from their usual place of abode in this State, or that they have concealed themselves so that the ordinary process of law can not be served upon them, the court in which said suit is brought, or in vacation the clerk thereof, shall make an order directed to the nonresidents, or absentees, notifying them of the commencement of the suit," etc. (R. S. 1889, sec. 2022), and by section 2024, it is further provided that, "When, in any of the cases contained in section 2022, summons shall be issued against any defendant, and the sheriff to whom it is directed shall make return that the defendant or defendants can not be found, the court being first satisfied that process can not be served, shall make an order as required in said section." The statute then provides how such orders shall be published. When so published, and the publication proved, the defendants in such actions are as effectually served with process, as if served by summons, and a final judgment rendered on such service is

just as conclusive as a judgment rendered upon service by summons, except that the defendant in the former case may within three years after the rendition thereof have the same reviewed and set aside for good cause, as provided in Revised Statutes 1889, section 2217 *et seq*. Such a judgment is impervious to collateral attack for any defect or imperfection in the service and not apparent upon the face of the record, and the jurisdiction of the court to render it can not be questioned in a collateral suit by the allegation or proof of facts outside or dehors the record. *Payne v. Lott*, 90 Mo. 676; *Jones v. Driskill*, 94 Mo. 190; *Schmidt v. Niemeyer*, 100 Mo. 207; *Gibbs v. Southern*, 116 Mo. 204; *Cruzen v. Stephens*, 123 Mo. 337. While such is the effect of constructive service by publication, such service being in derogation of the common law, and purely the creature of statute, the requirements of the statute must be strictly complied with, in order to give the court such efficacious jurisdiction. *Harness v. Cravens*, 126 Mo. 233, and authorities cited. In that case, which was a suit to cancel a sheriff's deed made in pursuance of a sale on execution under a judgment for back taxes, a majority of the court in Division No. 2, held the judgment invalid, it appearing upon the face of the record of the tax suit, that it was alleged in the petition and in an affidavit accompanying it, that the defendant was a nonresident of the State, that no order of publication was thereupon made, in vacation, as authorized by section 2022, *supra*, but instead a summons issued returnable to the next term of the court at which the summons was returned *non est*, followed by an order of publication based on that return. SHERWOOD, J., who delivered the opinion of the court said: "As will be seen by sections 2013 and 2023, Revised Statutes 1889, a summons in such cases is only authorized to issue against a *resident* defendant. And it is provided in

section 2024, when that summons has been properly issued and return of *non est* made thereon, then the court, being first satisfied that the defendant can not be found, makes an order of publication as required in section 2022. Of course such an order of publication made in the circumstances mentioned would recite, among other things, the issuance of the summons, and the fact that the defendant could not be found, etc., because the court could not make this class of publications unless *'in conjunction with the return'* and it must *'be founded thereon.'* State ex rel. v. Finn, 87 Mo. 310. So we have here presented a defendant sued as a *nonresident*, summons issued against him as a *'resident*, and publication issued against him as a resident *who could not be found.* In short, the order of publication was a clear departure from the allegations of the petition and affidavit. The issuance of the summons was, therefore, unwarranted by the statute and the publication being based thereon, necessarily partook of the writ's inceptional infirmity, and this is so, because, in the language of Mr. Justice FIELD, 'the court is not authorized to exert its power in that way.' "

The learned judge after citing and reviewing numerous authorities in support of this position, concluded this branch of the case by saying, "Of course, if the order of publication, by reason of the facts aforesaid is to be deemed invalid, then the judgment grounded thereon must share the same fate and fall with it. And the writ of summons and the order of publication, being part of the record, are competent witnesses of that judgment's invalidity, and by them it can be impeached collaterally," and "since the judgment thus rendered must be regarded as null, of course the defendant acquired no title in consequence of the sale which occurred under the execution which issued on such judgment," and it was accordingly so held.

In the opinion in this case no mention is made of the previous case of *Cruzen v. Stephens*, 123 Mo. 337, which is on all fours with the case in hand, except that the recital in the order was as follows: "It appearing to the court *among other things*, that the defendants are nonresidents of this State, so that the ordinary process of law can not be served," and in which Division Number One in an opinion written by BARCLAY, J., all the other judges of this division concurring, held the order of publication good, and sustained the judgment and title based thereon, the learned judge saying in his opinion: "Upon the return of 'not found' on the summons to defendants, the court had power to grant the order of publication, being satisfied as stated in the section last quoted" (R. S. 1889, sec. 2024). "The fact that the court made such an order after the return of not found is sufficient of itself, to indicate that it was satisfied of the required fact. For it should be assumed of a court in the absence of any showing to the contrary, that it acts in conformity to, not in violation of the law. . . . . . . And if the court was satisfied that defendants were not residents of the State, it might logically and reasonably conclude that they could not be served with ordinary process. Nor does the recital in the order of publication to the effect that it appeared to the court that defendants were nonresidents, vitiate the order. That part of it is simply surplusage. Its material part is that it appeared to the court that the ordinary process of law could not be served."

The order of publication in each of these cases, as in the one in hand, was made after a *non est* return. The *Harness* case, however, may be distinguished from the other by the fact that in that case, there was an allegation and affidavit of nonresidence, and in the *Cruzen* case as in the case in hand, there was none. A

distinction which only widens and emphasizes the divergence between the two cases. They can not be reconciled. Under such circumstances an independent consideration of the statutory provisions authorizing service by order of publication becomes necessary.

There are three sections under our code of civil procedure, authorizing service by publication of notice of the commencement of a suit, sections 2022, 2024 and 2027, Revised Statutes 1889. With the last section governing publication of notice to "unknown persons" we have nothing to do on this inquiry. With the first we have to do only with that class therein designated as "nonresidents of this State."

The power of the court to make an order of publication under the provisions of section 2022, is based upon a fact; that fact, however, is not the actual nonresidence of the defendant, but the fact that *the plaintiff, or other person for him, has alleged in his petition, or at the filing of the same, or at some time thereafter filed an affidavit stating that part or all of defendants are nonresidents and can not be served, etc.* Upon the filing of such a petition and affidavit, the clerk in vacation, or the court, as the case may be, *"shall make the order,"* are the imperative terms of the statute. Neither has the power to exercise any discretion in the matter. The order goes as a matter of course, without any judicial investigation as to whether the defendants are or are not in fact "nonresidents of the State," etc., as alleged in the petition or affidavit. The power to make the order rests upon the allegation or affidavit and not upon the fact of nonresidence. The power of the court to make an order of publication under the provisions of section 2024, is also based on a fact, not on a fact to which the attention of the court may be simply called, and upon which it then *must* make the

Vol. 146 mo—28

order as in the former section, but upon a fact disclosed by a judicial investigation, had after a summons has been regularly issued and returned *non est inventus*, and made in connection with such return (*Harness v. Cravens*, 126 Mo. *loc. cit.* 247; *State ex rel. v. Finn*, 87 Mo. *loc. cit.* 315), not for the purpose of ascertaining whether or not the defendant is a resident of this State, but for the purpose of ascertaining whether or not he can be found within the jurisdiction of the court so that another summons if issued can be served upon him.    If upon such an investigation it is determined that the defendant can not be so found, then it becomes the duty of the court to make the order of publication contemplated by that section of the statute. The *non est* return "constitutes the basis upon which this class of publications are made." *State ex rel. v. Finn, supra.*  The basic fact upon which the power of the court rests to make such orders under this section of the statute is, that the defendant *can not be found*, from which flows, as a necessary and inevitable sequence the further fact "that process can not be served" upon him, of which the court must be satisfied.

Now in this case we have no allegation and affidavit of nonresidence upon which the order can rest, and consequently no authority whatever for an order of publication under section 2022, and while we have a *non est* return upon which an order of publication might have been predicated under section 2024, it appears upon the face of the record that the order of publication was not issued upon the ground provided for it in that section.    This appears affirmatively by the recital in the order itself that the authoritative fact for its issuance is that the defendants "are nonresidents" and negatively by the absence of any recital of the fact that the defendant "can not be found" or any reference to the *non est* return, and by the absence of even a hint

that it was predicated upon that fact. The deduction "so that the ordinary process of law can not be served upon them" to which so much significance is attached in the "*Cruzen*" case, is common to both classes of orders and distinguishes neither. It is not the fact which authorizes an order of publication under either section of the statute, but a condition common to both which necessitates an order under one or the other. There is no room for "presumptions," or *post hoc* deductions in this case. The action of the court and the grounds of that action are clearly and unmistakably apparent on the face of the record, from which it appears that the order of publication was not made under section 2024, under which it possibly might have been made, but that it was made under section 2022, without any authority whatever for making it under that section of the statute. And having been thus made without authority of law, the order was void. The defendants were not notified as required by law. The judgment rendered thereon was void, and the defendants acquired no title under the sheriff's deed made in pursuance of the execution on such judgment. Such being the case it becomes unnecessary to notice the the other assignments of error argued in the brief of counsel. The judgment of the circuit court herein will be reversed and it is accordingly so ordered. All concur.