AD VALOREM MINING COMPANY, Appellant, v. JULIUS C. MILLER et al.

In Banc, June 13, 1918.

1. **NON EST RETURN:** Order of Publication: Corporation Defendant. A sheriff's return that he made "due and diligent search and failed to find the within named defendant, the Ad Valorem Mining

Company, in my county" is sufficient to confer upon the court jurisdiction under the statute to determine whether an order of publication should be made against the said company; a domestic corporation, the defendant in the tax suit. It is not insufficient because it fails to recite that the sheriff made diligent search and failed to find the president or other chief officer of the said company in his county and that he was further unable to find any business office of said company in his county with a person in charge thereof.

2. ——: ——: ——: Naming Defendant Alone. The statute only requires that the return state that "the defendant or defendants cannot be found," and such a recital in the return means that the serving officer was unable to find any lawfully designated person upon whom the process could be served.

3. ——: ——: ——: Satisfaction of Court. The court may become satisfied from the sheriff's return that the defendant 'corporation cannot be found in the county; and when the sheriff's return recites that he made "due and diligent search and failed to find the within named defendant," a domestic corporation, in his county, and the court's order recites that "it appearing to the satisfaction of the court from the *non-est* return of the sheriff, to the writ of summons heretofore issued herein, that the defendant cannot be served with the ordinary process of law in this State, it is therefore ordered by the court that publication be made, notifying the said defendant that suit has been commenced against it," etc., there is a sufficient showing that the court was satisfied that process could not be served, and to confer jurisdiction to make the order.

Appeal from Jasper Circuit Court.—*Hon J. D. Perkins,* Judge.

AFFIRMED.

*L. S. Dewey* and *Owen & Davis* for appellant.

(1) In constructive service where a method has been prescribed, that method is preclusive and must be observed literally and strictly. Stewart v. Stringer, 41 Mo. 400; Stanton v. Thompson, 234 Mo. 1; Harness v. Cravens, 126 Mo. 233. For the court has no authority to permit a different service or process from that outlined in the statutes. Such a course is exclusively the prerogative of the Legislature. Harness v. Cravens, 126 Mo. 247; Windso v. McVeigh, 93 U.

S. 283. (2) The return is bad for it is not according to the statute form. It reports merely a failure to find the company in the county—not its officers or office. R. S. 1909, secs. 1766, 1767, 1769. Everything may be inferred against the officer's return which its departure from the statute warrants. Blanton v. Jamison, 3 Mo. 52; Bash v. Suman, 79 Mo. 527; Holtschneider v. Railroad Co., 107 Mo. App. 381. A corporation has no tangible entity. Kelly v. Mundagh, 184 Mo. 377. (3) The publication states that the court found from the return of *non est* that the defendant could not be served in the State, though not even an attempt to serve the company appears on its face. Stanton v. Thompson, 234 Mo. 11-13; Van Natta v. Real Estate Co., 221 Mo. 378; Cummings v. Brown, 181 Mo. 711.

*Hugh Dabbs* for respondents.

(1) The tax deed set out in the record is in the usual form of sheriff's deed on execution sales based on tax judgments. The *non est* return and order of publication are in compliance with the statute and holdings of this court relating to service in tax suits. The judgment in the tax suit is in proper form and publication was made in compliance with the terms of the statute. Under this record, the trial court properly held that plaintiffs were the owners of the real estate in controversy in this case. R. S. 1909, secs. 1769, 1770, 1772, 2231, 6346; Lumber Co. v. McCabe, 220 Mo. 179. (2) The petition in the tax suit contains the proper jurisdictional allegations of fact. The order of publication is in compliance with the statute. These are the things to be looked to where the judgment, as in this case, is a judgment of a court of general jurisdiction, and tax sale has been made under the judgment. In such case, mere irregularities are not sufficient to overturn tax judgment in a collateral proceeding. Skillman v. Clardy, 256 Mo. 315-326; R. S. 1909, secs. 1770 and 1772; Cruzen v. Stephens, 123 Mo. 341-347; Cummings v. Brown, 181 Mo. 717.

WILLIAMS, J.—Plaintiff's petition is in two counts. The first count is the usual statutory action to determine the title to the south half of the northeast quarter of the southeast quarter of section 16, township 27, range 33, Jasper County, Missouri.

The second count involves the same land and seeks to have cancelled as a cloud upon the title a certain tax deed purporting to convey said land to the defendants. The tax deed is attacked on the ground that it has as a basis a void judgment.

The answer alleges defendants to be the owners in fee simple of said land and that by the tax deed above mentioned they acquired all the right, title and interest of plaintiff therein.

Trial was had in the circuit court of Jasper County resulting in a judgment in favor of the defendants. The plaintiff duly appealed.

Appellant (plaintiff below) is a Missouri corporation. At the November Term, 1912, of the Jasper County Circuit Court, the collector of that county instituted a suit against said company, the then owner of the land here involved, to recover taxes delinquent on said land. Sufficient reason arose for the issuance of an *alias* summons which was properly done on August 7, 1913.

In proper time the sheriff made the following return thereon, to-wit:

"Executed the within writ in the County of Jasper and State of Missouri, until the 17th day of November, 1913, by making due and diligent search *and failed to find the within named defendant the Ad Valorem Mining Company in my county.*

By CHAS. WELLS, D.S.                    C. E. BAKER,
                                Sheriff Jasper County, Mo."
(Italics ours).

Thereupon in proper time the court made the following order of publication in the case:

"Now at this day comes the plaintiff in the above entitled cause, by Attorney J. H. Flanigan, *and it appearing to the satisfaction of the court* from the *non-est* return of the Sheriff of Jasper County, Missouri,

to the writ of summons heretofore issued herein *that the defendant Ad Valorem Mining Co. cannot be served with the ordinary process of law in this State.* Whereupon, upon the oral motion of the relator's attorney herein it is hereby ordered by the court that publication be made, notifying the said defendant that a suit has been commenced against it,'' etc. (Italics ours). The remaining portion of the order of publication was correct as to form.

Proper publication was made of the above order. The Ad Valorem Mining Company failed to appear and in due time judgment was entered against said company for the amount of taxes due, together with costs of suit.

It appears that the sheriff, proceeding in due and regular form, sold the land here involved to pay said judgment. Defendants became the purchasers at said sale, and the sheriff's deed in proper form purporting to convey said land was executed and delivered to them.

Further facts necessary to an understanding of the issues presented will be stated in the opinion.

Respondents in their original brief urged as ground for the dismissal of the appeal the failure upon the part of appellant to compile its brief in conformity with Rule 15 of this court. While the writer is of the opinion that the points made are not altogether without merit, yet since the case has been fully developed by an opinion in Division and by subsequent briefs of the respective parties, we now feel that the point at issue is so clearly defined and presented as to warrant a discussion of the merits of the case.

The case when reduced to its last analysis presents but one question for determination, viz.: Was the *non-est* return (see copy of same in foregoing statement) sufficient to confer upon the court jurisdiction under Section 1772, Revised Statutes 1909, to determine whether an order of publication should be made against the Ad Valorem Mining Company, a Missouri corporation, the defendant in the tax suit? If it was (all

other necessary procedural steps having been properly taken), the title passed at the subsequent sheriff's sale to the defendants herein.

Upon careful consideration of the matter we have reached the conclusion that the above question must be answered in the affirmative.

Appellant's position as we understand it is to the effect that the sheriff's return in merely stating that after diligent search *the defendant could not be found in Jasper County*, was insufficient. That it should have recited that after diligent search, etc., he failed to find *the president or other chief officer of the Ad Valorem Mining Company in Jasper County and that he was further unable to find any business office of said company in Jasper County with a person in charge thereof.*

If such *non-est* return to summons against a corporation is required before an order of publication in tax suits may be properly made by the court the same logic would also require that a *non-est* return against an individual defendant in a tax suit would have to state in effect that after due and diligent search, etc., the sheriff was unable to find the defendant in his county and *was further unable to find some person of the defendant's family over the age of fifteen years at defendant's usual place of abode in said county.* [See Sec. 1760, R. S. 1909.]

To so hold would, we think, be to place a construction upon the *non-est* return statute (Sec. 1772 supra) which would conflict not only with the view held generally by the Bench and Bar of this State as to the usual and proper practice in such matters, but also with former decisions of this court, and one which would change a ruling which has in effect become a rule of property in the State.

In the case of Cruzen v. Stephens, 123 Mo. 337, l. c. 342, a *non-est* return which stated "none. of the within named defendants found in my said county" was held to be a sufficient return under Section 2024, Revised Statutes 1889 (now Sec. 1772, R. S. 1909), to

authorize the court to proceed in the matter of making an order of publication against individual tax-suit defendants. We see no reason why Section 1772 supra should be construed one way as to individual defendants and another way as to corporation defendants. The statute itself, sufficiently comprehensive in its terms to include corporate as well as individual defendants, makes no such distinction.

Appellant in support of its contention cites Sections 1766, 1767 and 1769, Revised Statutes 1909. Sections 1766 and 1767 supra, as will appear from a mere reading thereof, have to do only with the manner of serving and the contents of a return *when the summons is returned served upon a* corporation. They have nothing whatever to do with the contents of a *non-est* return upon a summons *not served,* and can hence have no application whatever to the situation here presented.

Neither can Section 1769 be of any aid to appellant. Even if applicable here (a matter we do not concede) its only prerequisite to the court's jurisdiction in determining the question of notice by publication against a corporation is that the ''sheriff . . . shall return any summons not served.'' The return in the instant case certainly comes up to that standard.

However, we are of the opinion that the return now under consideration is to be measured by Section 1772; Revised Statutes, 1909, which provides:

''When, *in any of the cases* contained in Section 1770, summons shall be issued against *any defendant,* and the sheriff to whom it is directed shall make return *that the defendant or defendants cannot be found,* the court, being first satisfied that process cannot be served, shall make an order as is required in said section.'' (Italics ours).

A suit to recover taxes against real estate is a case which falls clearly within the provisions of Section 1770 mentioned in the above quoted section.

It will be noticed that the only prerequisite of Section 1772 *supra* concerning the return is that it should state that the defendant *"cannot be found."* The return now under review comes up to the standard fixed by the above statute. When the sheriff in his return states that after due and diligent, search he was unable to find the defendant in his county, it means of course that the defendant cannot be found *for the purpose of service of process* and the term "cannot be found" or its equivalent necessarily implies that the serving officer was unable to find any lawfully designated person upon whom the process in hand could be served. Such we think is the general understanding as to the meaning of such language when found in a sheriff's return.

If the *non-est* return in such instances is to be made differently or in more definite language than now required by the above statute the change must come, not through the courts, but through the Legislature.

When the sheriff duly returned the summons and stated in his return (as provided in Section 1772, supra) that after due and diligent search the *defendant could not be found* in his county the circuit court was thereby invested with jurisdiction under the provisions of said statute to proceed to *"satisfy"* itself as to whether process could be served. And upon becoming *"satisfied"* that process could not be served, as it did in this case (as will appear from the recitation in the order made by the court) the court was then vested with full power to make the order of publication.

The fact that the court became satisfied from the facts stated in the return does not render the court's action less effective because, as was expressly held in discussing this same statute in the case of Cummings v. Brown, 181 Mo. 717, *"the court may be satisfied of the fact from the sheriff's return,* but is not confined to that."  (Italics ours).

It follows from what is said above that the judgment should be affirmed. It is so ordered. All concur; *Faris, J.,* in the result.