H. K. HAWKINS, Appellant, v. JOHN HEAGERTY.—156 S. W. (2d) 642.

Division One, December 12, 1941.

*D. S. Mayhew* for appellant.

*Rex V. McPherson* and *Robert Stemmons* for respondent.

BRADLEY, C.—This is an action to set aside a deed executed by the collector of Lawrence County upon the sale, for delinquent taxes, of two lots and part of another, on November 10, 1939. The trial court found for defendant and plaintiff appealed.

Plaintiff owned the lots before the sale. He relies upon three grounds to set aside the collector's deed, viz.: (1) That the description of the lots in the published list of delinquent lands was insufficient to support the sale and collector's deed; (2) that the lots were sold on a grossly inadequate bid; (3) that they were sold together and not separately; and (4) that Sec. 11130, R. S. 1939, under which the sale was made, is, if applied to the sale in question, retroactive and contravenes Sec. 15, Art. 2 of the Constitution, and denies due process and is, therefore, contrary to Sec. 30, Art. 2, Constitution.

The lots are described in the petition as: "Lots fifteen and twenty-three, and the north part of lot twenty-four, Kendall's subdivision of section twenty, township twenty-six, range twenty-eight in said county and state."

In the published sale list (Sec. 11126, R. S. 1939) of delinquent lands, the lots were described as: "Lots 15 and 23 and N part 24 (Kendall's Sub. Div.) 20-26-28 Years. 1932-33-34-35-36-37-38, total $125.12."

At the threshold, a question arises which is determinative of this appeal. Defendant says that plaintiff cannot, in any event, recover because he failed to offer in the petition to refund to defendant the taxes paid by him as provided by Sec. 11179, R. S. 1939, 12 Ann. Stat., sec. 9966, p. 8008.

Defendant testified that he purchased the property at the tax sale on a bid of $10; that he had paid the taxes for 1939 and 1940, amounting to $24. Sec. 11179 provides:

"No suit or action in any of the courts of this state, either at law or in equity, shall hereafter be maintained by any person or corporation, against any other person or corporation, for the determination of the title to, or for the recovery of the possession of, any lands which shall have been sold for taxes, or any interest in any such lands, or for the setting aside or cancellation of any tax deed or sale of land for taxes alleged to have been void, voidable or defective, unless such person or corporation so seeking to recover such lands, or some interest therein, or the setting aside of such tax deed or tax sale, shall in his petition offer to refund to the defendant therein, or to such other person or corporation, from whom and against whom such recovery is sought, in such action, all taxes paid by such defendant, or other persons, and his grantors, remote or immediate, or by those under

whom he claims, together with interest thereon from the date of payment of such taxes to the date of the judgment in such action. No actual tender shall be required to be made by such plaintiff or other person seeking such recovery or cancellation of such deed, but it shall be deemed sufficient if an offer to pay the same, as soon as the amount thereof shall be ascertained, shall be made and set out in such petition. . . ."

So far as appears nothing was said below about plaintiff's failure to offer to refund taxes paid as provided by Sec. 11179. Defendant, in his answer, stated "that in the event said tax sale is set aside and for naught held, the defendant is entitled to be subrogated to the state's lien for taxes by him so paid, plus all penalties and interest thereon, and to be subrogated in equity and good conscience for the amount by him expended."

 And defendant makes the point here that, absent an offer in the petition to refund the taxes paid, the petition fails to state a cause of action. It is settled law that the point that a petition fails to state a cause of action can be raised on appeal although the petition was not challenged below. [Finley v. Williams et al., 325 Mo. 688, 29 S. W. (2d) 103; Denny v. Guyton et al., 327 Mo. 1030, 40 S. W. (2d) 562; General American Life Ins. Co. v. Leavenworth et al., 347 Mo. 876, 149 S. W. (2d) 360.]

 Defendant's failure to make any point below on plaintiff's failure to offer to refund as provided by Sec. 11179 does not excuse plaintiff's failure to make the offer, Queen City Inv. Co. v. Krieder et al. (Mo.), 31 S. W. (2d) 1002, l. c. 1007, hence we are constrained to hold that absent an offer in the petition to refund to defendant the taxes paid by him, the petition wholly failed to state a cause of action. In other words, an offer to refund as provided in Sec. 11179, supra, is a condition precedent to recovery in such suits as specified in said section.

The judgment should be affirmed, and it is so ordered. *Hyde* and *Dalton, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.