C. W. DIEKROGER, Appellant, v. C. P. McCORMICK ET AL.—163 S. W. (2d) 927.

Division Two, July 28, 1942.

R. F. Baynes for appellant.

*Corbett & Peal* for respondents.

1100

WESTHUES, C.—This is a suit to quiet title. The trial court found plaintiff was not entitled to have and recover of the defendants any part of the real estate sued for and dismissed plaintiff's petition. An appeal was duly taken.

Appellant in his brief made the following statement of the issues which we deem sufficient:

"This cause originated in the Circuit Court of New Madrid County, Missouri, by plaintiff filing therein, his petition on the 19th day of August, 1941, to quiet the title to certain real estate situated in New Madrid County, Missouri, after which defendant filed answer, which answer was amended the date of the trial by defendant striking out a portion of the prayer of said answer.

"There is practically no dispute whatsoever as to the facts in the case. The land in question was formerly owned by Myrtle Stewart, plaintiff claiming title by reason of certain sales under judgment for delinquent taxes and the defendant claiming title by reason of a quit-claim deed from the said Myrtle Stewart as hereinafter fully stated.

"Plaintiff claims title to said real estate by reason of a quit-claim deed from W. S. Edwards, Jr., and wife, dated October 15, 1941, who claimed to have acquired title to the said real estate by virtue of a sheriff's deed dated November 14, 1938, issued under authority of a special execution in cause No. 11788 entitled J. K. Robbins, Collector of Revenue, v. Myrtle Stewart, et al., and by virtue of a sheriff's deed to plaintiff herein, dated June 16, 1941, executed and delivered under authority of a special execution in cause No. 13659 entitled St.

Johns Levee and Drainage District of Missouri v. Myrtle Stewart, et al.

"The defendants claim title to the real estate in question by virtue of a quit-claim deed executed by Myrtle Stewart to the defendants, dated February 20, 1940. This quit-claim deed contained this provision, 'and the parties of the second part further assuming the payment of all taxes and assessments now due or to become due on said lands.'

"In cause No. 11788 entitled J. K. Robbins, Collector of Revenue, v. Myrtle Stewart, service was had on the defendant, Myrtle Stewart, and —— Stewart, her husband, by order of publication based on a non est return of the sheriff of New Madrid County, Missouri.

"In cause No. 13659 entitled St. Johns Levee and Drainage District, plaintiff, v. Myrtle Stewart, et al., defendants, there was no service whatever on the defendant. The sheriff's return, however, shows that summons was ordered returned and not served by attorney for plaintiff which is erroneous, as the record shows, but the defendants were never served with process in that suit. Why the judgment was entered without service is not explained, but so far as appellant is concerned, is immaterial.

"Respondents take the position that the sheriff's deeds in both causes, No. 11788 and 13659, are void for the reason that in cause No. 11788, the order of publication is insufficient, and in cause No. 13659, there is no service. Appellants contend otherwise."

As will be noted from the above statement the defendants acquired the land in question by deed from the owner, Myrtle Stewart, who was a defendant in the tax suits. Plaintiff acquired his purported title through deeds executed pursuant to two tax sales. Plaintiff admits that in one of these tax cases there was no service, either personal or by publication, upon the owner of the land. In the other case there was a publication of notice which plaintiff claimed was sufficient but which defendants contended was a nullity. The order of publication read in part as follows:

"Now on this 11th day of February, 1938, comes the Plaintiff herein, by Attorney, R. F. Baynes, and alleges, among other things, that Defendants Myrtle Stewart and —— Stewart, her husband, are not residents of the County of New Madrid.

"Whereupon, it is ordered by the Court that said defendant Myrtle Stewart be notified by publication . . ."

That order of publication appears upon its face to have been based upon allegations made by plaintiff in the tax case as to the non-residence of the defendant, owner of the land. It was admitted that plaintiff's petition in the tax suit contained no such allegation and also that plaintiff did not file any affidavit as to the non-residence of the defendant, owner of the land. There was a summons issued, and the return thereon recited that the sheriff made a diligent search for

the defendants "but failed to find them in this county by the 20th day of September, 1937." The court thereafter entered the following order:

" 'The Court finds from the sheriff's return herein that the defendants cannot be served in this county. Ordered that they be notified of the pendency of this action by Order of Publication in the "Weekly Record" and cause continued.' "

There was no foundation upon which to base an order of publication on the theory that Myrtle Stewart was a non-resident of the State, and therefore the notice as published was void. [Tooker v. Leake, 146 Mo. 419, 48 S. W. 638.] Neither can the order of publication be held good as being based upon a non est return, because the law requires that in such a case the court must first be satisfied that the defendant cannot be served with process before an order of publication is authorized. [Sec. 893, R. S. Mo. 1939, Mo. Rev. St. Ann., page 240.] The only finding made by the trial court in this case was:

"The court finds from the sheriff's return herein that the defendants cannot be served in this county."

We need not decide whether that order was sufficient to authorize an order of publication under section 893 because the notice as published was based on the provisions of section 891. The order· of publication cannot be sustained under sec. 891, R. S. Mo. 1939, Mo. Rev. St. Ann., page 221, because there was no foundation upon which to base such a publication. It is insufficient under section 893, supra, because the· order itself showed that it was not based upon a non est return and a finding by the court that the defendant, owner of the land, could not be served with process. It will be noted that section 893 authorizes service by publication only after the· sheriff has made a return that the defendant cannot be found and "the court, being first satisfied that process cannot be served." Is a finding by the court that a defendant cannot be served in the county where the court is situated sufficient? Suppose a defendant is living in an adjoining county, or for that matter in any county within this state, process in such a case may be served not by the sheriff of the county where the action is pending but by process directed to the sheriff of the county where the defendant resides. Or again, suppose a defendant is only temporarily absent from the county and service of process cannot be had at that term but may be had at the subsequent term. We make these comments because we notice that the St. Louis Court of Appeals in Williams v. Luecke, 152 S. W. (2d) 991, l. c. 995 (6), 996 (10), ruled that:

"The very purpose of the court's investigation was to. ascertain whether appellants could be found within the jurisdiction of the court so that another summons, if issued, could be served upon them; . . ."

The statute does not so limit the court's investigation and the cases cited in support of the statement do not so hold. Note one of the

cases cited: Ad Valorem Mining Co. v. Miller, 274 Mo. 696, 204 S. W. 387. There the finding of the court was that the defendants "cannot be served with the ordinary process of law in this state."

It has frequently been held that to obtain service by publication the statutes authorizing such service must be strictly followed, as was said in the Tooker case, supra, 48 S. W. 638, 1. c. 640:

"While such is the effect of constructive service by publication, such service being in derogation of the common law, and purely the creature of statute, the requirements of the statute must be strictly complied with, in order to give the court such efficacious jurisdiction."

It is evident that the hybrid proceedings in the tax case were insufficient to vest the court with jurisdiction of the cause. It follows that the judgment in each of the tax suits was void because no service was had upon the owner of the land. The deeds executed pursuant to a sale had under the void judgments were also void. [Tooker v. Leake, supra.]

█ Appellant, however, insists that the defendants were not entitled to equitable relief because no facts were pleaded upon which to base such relief. It is also urged that the defendants could not have the tax deeds declared void and set aside without first offering to pay to the purchaser of the land the amount paid therefor at the sale. Appellants cite the cases of Richards v. Earls, 133 S. W. (2d) 381, 345 Mo. 260; Hawkins v. Heagerty, 348 Mo. 914, 156 S. W. (2d) 642; sec. 11179, R. S. Mo. 1939. These cases do not apply here because the defendants in this case did not ask the trial court to set aside the tax deeds and the court by its judgment did not do so. The court by its judgment dismissed plaintiff's petition on the ground that plaintiff failed to prove he had any title to the land in controversy.

The judgment is affirmed. *Bohling* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by WESTHUES, C., is adopted as the opinion of the court. All the judges concur.