**Felicitas A. DRISCOLL, Appellant,**

v.

**Ernest R. KONZE, Respondent.**

No. 45575.

Supreme Court of Missouri.

Division No. 1.

Nov. 12, 1956.

Motion for Rehearing or to Transfer to
Court en Banc Denied Dec. 12, 1956.

**32**

J. Ward Driscoll, Clayton, for appellant.

G. A. Buder, Jr., Richard O. Roberts, St. Louis, for respondent.

HOLMAN, Commissioner.

On February 10, 1956, plaintiff filed a "Motion for Examination of Judgment Debtor" wherein an order was sought for the examination of the defendant touching his ability to satisfy the judgment for $19,-920 theretofore rendered in this cause. Thereafter, on February 24, 1956, plaintiff filed an additional motion seeking to charge the interest of the defendant in the partnership of Konze and Paulus with the payment of said judgment debt and interest. On March 7, 1956, defendant moved to quash all proceedings. From the order entered on March 29, 1956, sustaining said motion to quash, the plaintiff has duly appealed.

There is no controversy about the facts. We shall state the essential facts and proceedings in chronological order. On January 12, 1927, plaintiff's husband, Daniel F. Driscoll, in case No. 66548, obtained a judgment against defendant in the circuit court of the City of St. Louis, Missouri, in the sum of $12,000. On January 11, 1937, said Daniel F. Driscoll instituted a new action on said judgment in the circuit court of the City of St. Louis alleging that no part of said judgment had been paid. The summons in said suit was served on defendant on January 14, 1937. Thereafter Daniel died and the cause was revived in the name of his executrix. A default judgment was rendered in said cause on April 19, 1939, for the total sum of $19,920. It appears that this judgment was thereafter assigned to the instant plaintiff who was the widow of Daniel. All further proceedings noted appear to have been had in that cause which was No. 12959–C.

Plaintiff filed a "Motion for Scire Facias to Revive Judgment" on April 9, 1949. The writ was issued on April 11, 1949, and thereafter the sheriff made a return as follows: "After due and diligent search, the within named defendant Ernest R. Konze cannot be found in the City of St. Louis, Mo." On July 27, 1949, the court entered an "Order of Publication of Notice" and a copy thereof was duly published. The defendant failing to appear, the court, on October 29, 1949, entered a judgment of revival which recited that "the said judgment of January 12, 1927, for the sum of $12,000, together with interest and costs, and revived on April 19, 1939, be and the same is again revived against the defendant, and the lien thereof continued according to law and that execution issue therefor."

Thereafter, the plaintiff filed the motions heretofore referred to and the court sustained the motion to quash all proceedings on the grounds "that the record shows on its face that the suit filed Jan. 11, 1937, was 'maintained' after the expiration of ten years and the order of publication issued July 27, 1949, was not based upon any affidavit."

Upon this appeal the defendant has briefed three contentions, each of which is said to be sufficient to uphold the action of the trial court in quashing the proceedings in this cause. These points are that (1) the 1939 judgment was void because entered more than ten years after the rendition of

the 1927 judgment, which is said to be contrary to the provisions of Section 516.350 (unless otherwise indicated, all statutory references are to RSMo 1949 and V.A.M.S.), (2) the purported revival of the judgment by scire facias in 1949 was void because there was no proper basis for the order of publication, and (3) the 1949 order of revival was void on its face because it purported to revive the judgment of 1927. Since we have concluded that the second point briefed is meritorious we will give no further consideration to the other two contentions.

The statutory provisions for service of process in proceedings for revival by scire facias are as follows: Section 511.400—"The scire facias shall be served on the defendant or his legal representatives, terre tenants or other persons occupying the land, and be directed to and executed in any county in this state. All such cases shall be tried at the return term, except they are continued for cause." Section 511.410 —"If the defendant cannot be found, the court may make an order setting forth briefly the nature of the case, and requiring all persons interested to show cause, at the next term of such court, why such judgment or decree should not be revived and the lien continued." Section 511.420—"The order shall be published in some newspaper printed in this state for three weeks, the last insertion to be two weeks before the commencement of the term at which the parties are required to appear." These provisions have been in effect, in substantially the same form, since Missouri became a state.

As previously indicated, the scire facias issued on April 11, 1949, was not personally served on the defendant. The sheriff of the City of St. Louis (to whom it was directed) made a return to the effect that the defendant could not be found in said city. Thereafter the court entered an "Order of Publication of Notice," which, after reciting the fact of the issuance of the writ, stated, "and it further appearing to the court from an examination of said Writ of Scire Facias that said sheriff's return on the said Writ of Scire Facias filed with the clerk of this court, recites that after due and diligent search the within named defendant Ernest R. Konze cannot be found in the City of St. Louis, Missouri, upon oral motion by the plaintiff, it is ordered that Ernest R. Konze, the defendant, his terre tenants, the occupants of his lands, and all of his creditors and all persons interested be notified that a Writ of Scire Facias issued out of the office of the clerk of this court on the 11th day of April, 1949, against said defendant and said persons above named as described above, seeking to revive by said Writ of Scire Facias the judgment rendered * * *. It is further ordered that a copy hereof be published according to law in the St. Louis Daily Record * * *."

It will be noted from the foregoing that the order of publication is based solely upon the fact that the sheriff's return stated that the defendant could not be found *in the City of St. Louis*. The question for our determination is whether such a finding is sufficient to authorize an order providing for service by publication. If not, there was no service and the subsequent judgment of revival was void. Diekroger v. McCormick, 349 Mo. 1098, 163 S.W.2d 927.

■ Statutes providing for service of process by publication are strictly construed, and when reliance is placed upon a judgment obtained upon constructive notice it must appear that such notice was given in strict compliance with the statutory provision. Tooker v. Leake, 146 Mo. 419, 48 S.W. 638.

■ An examination of Section 511.410 will disclose that it leaves much to be desired in the matter of detail. It simply provides that if the defendant "cannot be found" the court may make the order of publication. In order to determine its meaning we must consider its provisions in connection with the other sections (supra) relating to the procedure for reviving judg-

ments by scire facias. Such a course is in accordance with a fundamental and established rule of statutory construction. Fleming v. Moore Brothers Realty Co., 363 Mo. 305, 251 S.W.2d 8.

Considering Sections 511.400 and 511.410 together, we find that the scire facias shall be directed to and executed in any county in this state and shall be served on the defendant, etc., and if he cannot be found the court may make an order of publication. When so considered we think it becomes apparent that the legislature intended that the writ be personally served on the defendant if he could be "found" for the purpose of service. Since it is provided that the scire facias may be served in any county in the state, it would seem that the phrase, "If the defendant cannot be found," in Section 511.410 means that he cannot be found (served) anywhere in the state.

We hold that under the foregoing sections the defendant must be personally served if he can be found in the state. If he is a nonresident or for any other reason cannot be found, for purposes of service, in this state, the court is then authorized to make the order of publication. To support this order there must be some showing made and the court must find "that the defendant cannot be found" (served) in this state. The statute does not provide the manner of proving this fact. We think it may be shown by an affidavit, an allegation in a verified pleading, by personal testimony, or perhaps in some other manner acceptable to the trial court. It should be apparent, however, that the order in the instant case does not comply with the requirements of these statutes. It was based solely on the fact that the sheriff could not find the defendant in the City of St. Louis. It contained no finding that he could not be found or served elsewhere in the state. Since the statutory provisions for constructive notice were not strictly and fully complied with, it is our view that there was no service of the scire facias and hence the subsequent judgment of revival was void.

We think we are supported in the foregoing conclusions by the case of Diekroger v. McCormick, supra. That case ruled a tax judgment void where service was had by publication. The order of publication was made under Section 890, RSMo 1939 [Section 506.160], which provided that where the sheriff returned a summons not served, and it should be made to appear to the court that process could not be served, the court should make such order. It appeared on the face of the order that it was based solely on the sheriff's return, stating that the defendants could not be served in the county where the suit was pending. This was held insufficient to vest the court with jurisdiction as it did not constitute a finding that the defendants could not be served. It was pointed out that there was no finding that the defendants could not be served in some other county of the state.

In this connection it should be noted that a statement appears in the case of Peak v. Peak, Mo.Sup., 181 S.W. 394, indicating that a non est return by the sheriff of the county where the suit is pending was sufficient to warrant an order of publication in a scire facias proceedings. However, it is apparent that the statement is dictum and hence need not be followed. Moreover, that case is clearly distinguishable from the instant case as the petition therein contained an allegation that the defendant was a nonresident.

The order and judgment sustaining defendant's motion to quash should be and is hereby affirmed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.